# In The United States Court of Federal Claims

No. 03-1501C

(Filed: August 20, 2003)

WILLIAM D. HOOKER, d/b/a,
GEORGIA BOWHUNTERS SUPPLY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

## SPECIAL PROCEDURES ORDER

The parties are advised that all references in this order to the Rules of the United States Court of Federal Claims (RCFC) are to the local rules of this court, effective May 1, 2002. Therefore, and pursuant to RCFC 1, 16, and 83(b), as well as Appendix A, it is ordered that each party shall comply with the following procedures:

**(1) Pretrial Rules.**

Counsel shall familiarize themselves with the RCFC governing pretrial procedure, particularly RCFC 5-7 (subparts inclusive), 11, 16, and 26, and Appendix A, in order to ensure full and timely compliance with applicable deadlines, filing procedures, and other requirements. Note that the RCFC, though designed to closely track the Federal Rules of Civil Procedure, are not identical to those rules.

**(2) Electronic Case Filing**

(a) **In General**. This case is part of the court's Electronic Case Filing (ECF) system. As such, counsel shall familiarize themselves with General Order No. 2003-43, which provides interim procedures for such cases. (This order, at some point, will be superseded by a formal appendix to be adopted as part of the RCFC). The General Order, as well as other helpful information regarding the ECF system, may be found on the court's website – **www.uscfc.uscourts.gov**.

(b) **ECF Filings; Attorney Registration and Training**. Except in the highly limited circumstances authorized by General Order 2003-42 (or in provisions the court may hereinafter adopt),

the court will not accept the hard-copy filing of any document in this matter. Further, the court will not accept an attorney's failure to be registered and trained for the ECF system as good cause for failing to file any document in this case. Accordingly, if counsel has not done so already, he or she should act promptly to be registered and trained for the ECF system.

**(3) Communications with the Court**.

Unless invited or otherwise ordered by the court, communications with these chambers shall be by formal motion or other formal submission, filed with the court in appropriate fashion. In particular, letters will not be accepted in lieu of motions without prior authorization. Notwith-standing this provision, counsel may, at any time, jointly request a conference with the judge to discuss a dispute or other pending matter. Scheduling needs or questions should be directed to Sak Im at (202) 219-1316. Questions regarding CFC filing requirements and other standard court procedures should be directed to the clerk's office at (202) 219-9657. Questions regarding CM/ECF should be directed to the CM/ECF help desk, toll free, at (866) 784-6273 or at (202) 219-9942, extension 132.

**(4) Enlargements of Time; Page Limits**.

(a) **Enlargements**. The court intends to follow strictly any schedule established in the case and to apply strictly the rules regarding requests for enlargements of time. Requests for enlargement should be filed as early as possible, generally at least five business days in advance.

The burden of establishing grounds for an enlargement is on the movant and motions are not granted automatically. Each request for an enlargement must specify the grounds. *See* RCFC 6.1. Requests for enlargement filed out of time are highly disfavored and will be granted only where a specific allegation of excusable neglect is substantiated. *See* RCFC 6(b). In addition, motions for enlargement filed out of time must contain a certification that:

(i) in the case of a motion filed by counsel for the plaintiff, the client has been notified that the motion for enlargement is being filed out of time; or

(ii) in the case of a motion filed by counsel for the defendant, the supervising Deputy Assistant Attorney General at the Department of Justice has been notified that the motion for enlargement is being filed out of time.

In granting enlargements, the court may order that any further requests for enlargement be signed by both the attorneys of record and the party (or in the case of the defendant, the supervising Deputy Assistant Attorney General at the Department of Justice).

(b) **Page Limits**. Briefs and memoranda in support of motions are limited in length as set forth in RCFC 5.2. Leave of court is necessary to exceed these page limits. RCFC 5.2. When requesting leave of court to exceed the page limit, counsel must specify the number of additional pages required.

**(5) Professional Conduct.**

At all times during this proceeding, counsels' conduct should be characterized by personal courtesy and professional integrity in the fullest sense of those terms. In fulfilling their duty to represent their clients vigorously as lawyers, counsel should be mindful of their obligations to the administration of justice. Conduct that may be characterized as uncivil, abrasive, abusive, hostile or obstructive impedes the fundamental goal of resolving disputes rationally, peacefully and efficiently. Such conduct will not be tolerated and may result in sanctions being imposed. *See, e.g.*, RCFC 37.

**(6) Facsimile Transmission; Courtesy Copies.**

For the court's convenience, filings should include counsel's telephone number for facsimile transmission and electronic mail address, if any. Unless the court specifically orders otherwise, submittal or receipt of a facsimile transmission will not constitute timely filing under the rules of this court.

Counsel should note that paragraph 5 of General Order No. 2003-43 requires the filing of courtesy copies of filed documents in certain instances. Unless otherwise ordered, said courtesy copies shall be provided in hard-copy and not via facsimile transmission. Should the court specifically authorize facsimile transmission of a document, it should be sent to:

Judge Francis M. Allegra
United States Court of Federal Claims
Suite 709
Fax No.: (202) 219-1386

Any questions regarding such matters should be directed to Sak Im at (202) 219-1316.

**(6) Video-Conferencing, Electronic Courtroom and Court Website.**

Both video-conferencing and an electronic courtroom are available at the courthouse in Washington, D.C. The court is amenable to the use of these state-of-the-art facilities not only for trials with a venue in Washington, D.C., but also for status conferences and oral arguments. The scheduling of these facilities should be coordinated with Sak Im at (202) 219-1316. Technical questions concerning the court's video-conferencing equipment and the capacities of the electronic courtroom should be directed to the clerk's office at (202) 219-9561. Other helpful information about the court, including a copy of the court's local rules, may be found at **www.uscfc.uscourts.gov**.

s/Francis M. Allegra
Francis M. Allegra
Judge