SOLICITATION, OFFER AND AWARD



1. This contract is a rated order under DPAS(15 CFR 350) RATING:

| | | |
|---|---|---|
| 2. CONTRACT NO.<br>53-4660-9-06 | 3. SOLICITATION NO.<br>R8-36-99-05 | 4. TYPE OF SOLICITATION<br>[ ] SEALED BID (IFB)<br>[X] NEGOTIATED (RFP) |

| | |
|---|---|
| 5. DATE ISSUED<br>11/24/98 | 6. REQUISITION/PURCHASE REQ. NO. |
| 7. ISSUED BY CODE<br>USDA FOREST SERVICE<br>1-MILE INSIDE AIKEN BARRICADE, SRS<br>BLDG. 760-15G<br>AIKEN, SC 29802 | 8. ADDRESS OFFER TO<br>(If other than Item 7)<br>USDA FOREST SERVICE<br>SAVANNAH RIVER INSTITUTE<br>P.O. BOX 700<br>NEW ELLENTON, SC 29809 |

NOTE: In sealed bid solicitations, "offer" and "offeror" mean "bid" and "bidder".

SOLICITATION

9. Sealed offers in original and 0 copies for furnishing the supplies or services in the Schedule will be received at the place specified in Item 8, or if handcarried, in the depository located in Item 7, until 4:00 P.M. local time on 12/23/98. CAUTION-LATE Submissions, Modifications, and Withdrawals: See Section L, Provision No. 52.214-7 or 52.215-1. All offers are subject to all terms and conditions contained in this solicitation.

| | | |
|---|---|---|
| 10. FOR INFORMATION CALL: | A. NAME:<br>HOMER R. GABARD | B. TELEPHONE NO. (Include Area Code)<br>(NO COLLECT CALLS) (803)725-0239 |

C. EMAIL ADDRESS: hgabard/r8_savannahriver fs.fed.us

11. TABLE OF CONTENTS


| X | SEC | DESCRIPTION | PAGE(S) |
|---|---|---|---|
| | | PART I - THE SCHEDULE | |
| | A | SOLICITATION/CONTRACT FORM | |
| | B | SUPPLIES OR SERVICES AND PRICES/COSTS | |
| | C | DESCRIPTION/SPECIFICATIONS/WORK STATEMENT | |
| | D | PACKAGING AND MARKING | |
| | E | INSPECTION AND ACCEPTANCE | |
| | F | DELIVERIES OR PERFORMANCE | |
| | G | CONTRACT ADMINISTRATION DATA | |
| | H | SPECIAL CONTRACT REQUIREMENTS | |
| | | PART II - CONTRACT CLAUSES | |
| | I | CONTRACT CLAUSES | |
| | | PART III - LIST OF DOCUMENTS, EXHIBITS AND OTHER ATTACHMENTS | |
| | J | LIST OF ATTACHMENTS | |
| | | PART IV - REPRESENTATIONS AND INSTRUCTIONS | |
| | K | REPRESENTATIONS, CERTIFICATIONS AND OTHER STATEMENTS OF OFFERORS | |
| | L | INSTRUCTIONS, CONDITIONS, AND NOTICES TO OFFERORS | |
| | M | EVALUATION FACTORS FOR AWARD | |


(William O. Hooker)

OFFER (Must be fully completed by offeror)

NOTE: Item 12 does not apply if the solicitation includes the provision at 52.214-16, Minimum Bid Acceptance Period.



96 4. Contract 53-4660-9-06

SOLICITATION, OFFER AND AWARD



12. In compliance with the above, the undersigned agrees, if this offer is accepted within 60 calendar days (60 calendar days unless a different period is inserted by the offeror) from the date for receipt of offers specified above, to furnish any or all items upon which prices are offered at the price set opposite each item, delivered at the designated point(s), within the time specified in the schedule.

13. DISCOUNT FOR PROMPT PAYMENT (See Section I, Clause No. 52.232-8)

| 10 CALENDAR DAYS | 20 CALENDAR DAYS | 30 CALENDAR DAYS | 60 CALENDAR DAYS |
|---|---|---|---|
| 2 % | 0 % | 0 % | 0 % |

14. ACKNOWLEDGEMENT OF AMENDMENTS (The offeror acknowledges receipt of amendments to the SOLICITATION for offerors and related documents numbered and dated:

| AMENDMENT NO. | DATE | AMENDMENT NO. | DATE |
|---|---|---|---|
| ~~NA W.D.H. 12-11-98~~ | | NO #1 | 12-15-98 W.D. Hooker |

15A. NAME AND ADDRESS OF OFFEROR | CODE | FACILITY
Ga. Rawhunter Supply Co
5330 Columbia Road
Grove Town GA 30813

16. NAME AND TITLE OF PERSON AUTHORIZED TO SIGN OFFER (Type or print)
W. D. Hooker

15B. TELEPHONE NO. (Include Area Code)
706-869-8226 Home
706-792-9422 Office

15C. CHECK IF REMITTANCE ADDRESS IS [ ] DIFFERENT FROM ABOVE - ENTER SUCH ADDRESS IN SCHEDULE
NA

17. SIGNATURE: William D. Hooker

18. OFFER DATE: 12-11-98

AWARD (To be completed by Government)

19. ACCEPTED AS TO ITEMS NUMBERED
All

20. AMOUNT
~~Per task order~~

21. ACCOUNTING AND APPROPRIATION
~~Per task order~~

22. AUTHORITY FOR USING OTHER THAN FULL AND OPEN COMPETITION:
[ ] 10 U.S.C. 2304(c)( ) [ ] 41 U.S.C. 253(c)( )

23. SUBMIT INVOICES TO ADDRESS SHOWN IN (4 copies unless otherwise specified) | ITEM
08

24. ADMINISTERED BY CODE
(If other than Item 7)

25. PAYMENT WILL BE MADE BY CODE
USDA FOREST SERVICE - SRFS
BLDG 760-G
1-MILE INSIDE AIKEN BARRICADE
AIKEN, SC 29802

26. NAME OF CONTRACTING OFFICER (Type or Print)
HOMER R. GABARD

27. UNITED STATES OF AMERICA
Homer R. Gabard
(Signature of Contracting Officer)

28. AWARD DATE
1/22/1999

IMPORTANT - Award will be made on this Form or on Standard Form 26, or by other authorized official written notice.

EXCEPTION TO STANDARD FORM 33 (REV.9-97)

TABLE OF CONTENTS PAGE


| | | |
|---|---|---|
| SOLICITATION, OFFER AND AWARD. . . . . . . . . . . . . . . . . . . . . | | 1 |
| TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . | | 3 |
| PART I - THE SCHEDULE . . . . . . . . . . . . . . . . . . . . . . . | | 8 |
| SECTION B - SUPPLIES OR SERVICES AND PRICE/COSTS . . . . . . . . . . | | 8 |
| SECTION C - DESCRIPTION/SPECIFICATION /WORK STATEMENT . . . . . . . . . . . . . | | 10 |
| C.1 | STATEMENT OF WORK/SPECIFICATIONS (AGAR 452.211-3) . . . . . (FEB 1988) | 10 |
| SECTION D - PACKAGING AND MARKING . . . . . . . . . . . . | | 11 |
| | [For this Solicitation, there are NO clauses in this Section] . . | 11 |
| SECTION E - INSPECTION AND ACCEPTANCE . . . . . . . . . . . . . . | | 12 |
| E.1 | CLAUSES INCORPORATED BY REFERENCE . . . . . . . . . . . . . . (FAR 52.252-2) (FEB 1998) | 12 |
| E.2 | INSPECTION OF SERVICES--FIXED-PRICE . . . . . . . . . . . . . (FAR 52.246-4) (AUG 1996) | 12 |
| SECTION F - DELIVERIES OR PERFORMANCE . . . . . . . . . . . . . . | | 14 |
| F.1 | CLAUSES INCORPORATED BY REFERENCE . . . . . . . . . . . . . . (FAR 52.252-2) (FEB 1998) | 14 |
| F.2 | PERIOD OF PERFORMANCE (AGAR 452.211-5) (FEB 1988) . . . . . | 14 |
| F.3 | STOP-WORK ORDER (FAR 52.242-15) (AUG 1989). . . . . . . . . | 14 |
| SECTION G - CONTRACT ADMINISTRATION DATA . . . . . . . . . . . . | | 16 |
| | [For this Solicitation, there are NO clauses in this Section] . . | 16 |
| SECTION H - SPECIAL CONTRACT REQUIREMENTS . . . . . . . . . . . | | 17 |
| H.1 | POST AWARD CONFERENCE (AGAR 452.215-73) (NOV 1996). . . . . | 17 |
| H.2 | CONFIDENTIALITY OF INFORMATION (AGAR 452.224-70). . . . . . . (FEB 1988) | 17 |
| H.3 | INSURANCE COVERAGE (AGAR 452.228-71) (NOV 1996) . . . . . . ALTERNATE I (NOV 1996) | 18 |
| H.4 | PERMITS AND RESPONSIBILITIES (FAR 52.236-7) . . . . . . . . . (NOV 1991) | 19 |
| H.5 | EMERGENCY RESPONSE (AGAR 452.236-77) (NOV 1996) . . . . . . | 19 |
| H.6 | KEY PERSONNEL (AGAR 452.237-74) (FEB 1988). . . . . . . . . | 19 |
| H.7 | RESTRICTIONS AGAINST DISCLOSURE (AGAR 452.237-75) . . . . . (FEB 1988) | 20 |
| H.8 | COMPLIANCE WITH AREA REGULATIONS. . . . . . . . . . . . . . | 21 |
| H.9 | SAFETY AND HEALTH . . . . . . . . . . . . . . . . . . . . . | 21 |
| H.10 | QUARANTINE RESTRICTIONS . . . . . . . . . . . . . . . . . . | 23 |
| H.11 | REQUIRED INSURANCE. . . . . . . . . . . . . . . . . . . . . | 24 |
| H.12 | LOSS OF TIMBER SALE LOCK KEY OR LOCK OR SECURITY BADGES . . | 24 |
| H.13 | USE OF PREMISES (AGAR 452.236-72) (NOV 1996) . . . . . . . . | 25 |
| H.14 | ARCHAEOLOGICAL OR HISTORIC SITES (AGAR 452.236-73) (FEB. . . | 25 |
| H.15 | RESPONSIBILITIES OF THE CONTRACTOR (AGAR 4G52.236-807) . . . (JUL 1986) | 25 |
| H.16 | USE OF UNDOCUMENTED WORKERS. . . . . . . . . . . . . . . . . | 25 |
| H.17 | CRIMINAL LIABILI . . . . . . . . . . . . . . | 26 |

TABLE OF CONTENTS

| | | PAGE |
|---|---|---|
| H.18 | SITE ACCESS AUTHORIZATION FOR CONTRACTOR AND EMPLOYEES . . . | 26 |
| PART II | - CONTRACT CLAUSES. . . . . . . . . . . . . . . . . . . . . . | 28 |
| SECTION I | - CONTRACT CLAUSES . . . . . . . . . . . . . . . . . . | 28 |
| I.1 | CLAUSES INCORPORATED BY REFERENCE . . . . . . . . . . . . . . (FAR 52.252-2) (FEB 1998) | 28 |
| I.2 | ANTI-KICKBACK PROCEDURES (FAR 52.203-7) (JUL 1995). . . . . . | 29 |
| I.3 | CANCELLATION, RESCISSION, AND RECOVERY OF . . . . . . . . . . FUNDS FOR ILLEGAL OR IMPROPER ACTIVITY (FAR 52.203-8) (JAN 1997) | 31 |
| I.4 | LIMITATION ON PAYMENTS TO INFLUENCE CERTAIN . . . . . . . . . FEDERAL TRANSACTIONS (FAR 52.203-12) (JUN 1997) - (DEVIATION) | 32 |
| I.5 | ORDERING (FAR 52.216-18) (OCT 1995) . . . . . . . . . . . . . | 37 |
| I.6 | ORDER LIMITATIONS (FAR 52.216-19) (OCT 1995). . . . . . . . . | 38 |
| I.7 | REQUIREMENTS (FAR 52.216-21) (OCT 1995) . . . . . . . . . . . | 38 |
| I.8 | OPTION TO EXTEND THE TERM OF THE CONTRACT . . . . . . . . . . (FAR 52.217-9) (MAR 1989) | 39 |
| I.9 | LIMITATIONS ON SUBCONTRACTING (FAR 52.219-14) (DEC 1996). . | 39 |
| I.10 | CONTRACT WORK HOURS AND SAFETY. . . . . . . . . . . . . . . . STANDARDS ACT--OVERTIME COMPENSATION (FAR 52.222-4) (JUL 1995) | 40 |
| I.11 | SERVICE CONTRACT ACT OF 1965, AS AMENDED. . . . . . . . . . . (FAR 52.222-41) (MAY 1989) | 41 |
| I.12 | STATEMENT OF EQUIVALENT RATES FOR FEDERAL HIRES . . . . . . . (FAR 52.222-42) (MAY 1989) | 49 |
| I.13 | FAIR LABOR STANDARDS ACT AND SERVICE CONTRACT . . . . . . . . ACT--PRICE ADJUSTMENT (MULTIPLE YEAR AND OPTION CONTRACTS) (FAR 52.222-43) (MAY 1989) | 50 |
| I.14 | DRUG-FREE WORKPLACE (FAR 52.223-6) (JAN 1997) . . . . . . . . | 51 |
| I.15 | EUROPEAN UNION SANCTION FOR SERVICES (FAR 52.225-19). . . . . (JAN 1996) | 53 |
| I.16 | EXTRAS (FAR 52.232-11) (APR 1984) . . . . . . . . . . . . . . | 53 |
| I.17 | AVAILABILITY OF FUNDS FOR THE NEXT FISCAL . . . . . . . . . . YEAR (FAR 52.232-19) (APR 1984) | 53 |
| I.18 | ASSIGNMENT OF CLAIMS (FAR 52.232-23) (JAN 1986) . . . . . . . | 54 |
| I.19 | PROMPT PAYMENT (FAR 52.232-25) (JUN 1997) . . . . . . . . . . | 54 |
| I.20 | DISPUTES (FAR 52.233-1) (OCT 1995) ALTERNATE I. . . . . . . . (DEC 1991) | 60 |
| I.21 | PROTECTION OF GOVERNMENT BUILDINGS, . . . . . . . . . . . . . EQUIPMENT, AND VEGETATION (FAR 52.237-2) (APR 1984) | 62 |
| I.22 | CHANGES--FIXED-PRICE (FAR 52.243-1) (AUG 1987). . . . . . . . ALTERNATE I (APR 1984) | 62 |
| I.23 | SUBCONTRACTS FOR COMMERCIAL ITEMS AND . . . . . . . . . . . . COMMERCIAL COMPONENTS (FAR 52.244-6) (APR 1998) | 63 |
| I.24 | TERMINATION FOR CONVENIENCE OF THE. . . . . . . . . . . . . . GOVERNMENT (SERVICES) (SHORT FORM) (FAR 52.249-4) (APR 1984) | 64 |
| I.25 | DEFAULT (FIXED-PRICE SUPPLY AND SERVICE). . . . . . . . . . . (FAR 52.249-8) (APR 1984) | 64 |
| I.26 | AUTHORIZED DEVIATIONS IN CLAUSES. . . . . . . . . . . . . . . (FAR 52.252-6) (APR 1984) | 65 |

TABLE OF CONTENTS PAGE

PART III - LIST OF DOCUMENTS, EXHIBITS AND OTHER ATTACHMENTS . . . . 66

SECTION J - LIST OF ATTACHMENTS. . . . . 66

PART IV - REPRESENTATIONS AND INSTRUCTIONS . . . . 67

SECTION K - REPRESENTATIONS, CERTIFICATIONS AND OTHER STATEMENTS OF OFFERORS . . . . 67

K.1 CERTIFICATE OF INDEPENDENT PRICE DETERMINATION. . . . (FAR 52.203-2) (APR 1985) 67
K.2 CERTIFICATION AND DISCLOSURE REGARDING PAYMENTS TO. . . . INFLUENCE CERTAIN FEDERAL TRANSACTIONS (FAR 52.203-11) DEVIATION (APR 1991) 68
K.3 TAXPAYER IDENTIFICATION (FAR 52.204-3) (JUN 1997) . . . . 69
K.4 CERTIFICATION REGARDING DEBARMENT, SUSPENSION,. . . . PROPOSED DEBARMENT, AND OTHER RESPONSIBILITY MATTERS (FAR 52.209-5) (MAR 1996) 70
K.5 TYPE OF BUSINESS ORGANIZATION (FAR 52.215-4) (OCT 1997) . . 71
K.6 SMALL BUSINESS PROGRAM REPRESENTATIONS. . . . (FAR 52.219-1) (OCT 1998) 72
K.7 CERTIFICATION OF NONSEGREGATED FACILITIES . . . . (FAR 52.222-21) (APR 1984) 74
K.8 PREVIOUS CONTRACTS AND COMPLIANCE REPORTS . . . . (FAR 52.222-22) (APR 1984) 74
K.9 AFFIRMATIVE ACTION COMPLIANCE . . . . (FAR 52.222-25) (APR 1984) 75
K.10 CLEAN AIR AND WATER CERTIFICATION (FAR 52.223-1). . . . (APR 1984) 75
K.11 CERTIFICATION OF TOXIC CHEMICAL RELEASE REPORTING . . . . (FAR 52.223-13) (OCT 1996) 75
K.12 BUY AMERICAN CERTIFICATE. . . . (FAR 52.225-1) (DEC 1989) 76

SECTION L - INSTRUCTIONS, CONDITIONS, AND NOTICES TO OFFERORS . . . . 78

L.1 SOLICITATION PROVISIONS INCORPORATED BY REFERENCE . . . . (FAR 52.252-1) (FEB 1998) 78
L.2 INQUIRIES (AGAR 452.204-70) (FEB 1988). . . . 78
L.3 INSTRUCTIONS TO OFFERORS--COMPETITIVE ACQUISITION . . . . (FAR 52.215-1) (OCT 1997) 78
L.4 TYPE OF CONTRACT (FAR 52.216-1) (APR 1984). . . . 84
L.5 SINGLE OR MULTIPLE AWARDS (FAR 52.216-27) (OCT 1995). . . . 84
L.6 SIZE STANDARD AND SIC CODE INFORMATION (AGAR 452.219-70). . (NOV 1996) 84
L.7 SITE VISIT (FAR 52.237-1) (APR 1984). . . . 84
L.8 PRE-BID/PRE-PROPOSAL CONFERENCE (AGAR 452.237-71) . . . . (FEB 1988) 84
L.9 SERVICE OF PROTEST (FAR 52.233-2) (AUG 1996). . . . 85
L.10 AUTHORIZED DEVIATIONS IN PROVISIONS . . . . (FAR 52.252-5) (APR 1984) 85
L.11 REQUIREMENTS FOR COST OR PRICING DATA OR INFORMATION. . . . OTHER THAN COST OR PRICING DATA (FAR 52.215-20) (OCT 1997) ALTERNATE IV (OCT 1997) 86

TABLE OF CONTENTS

| | | PAGE |
|---|---|---|
| SECTION M - EVALUATION FACTORS FOR AWARD | | 89 |
| M.1 | EVALUATION QUANTITIES--INDEFINITE DELIVERY CONTRACT (AGAR 452.216-72) (FEB 1988) | 89 |
| M.2 | EVALUATION OF OPTIONS (FAR 52.217-5) (JUL 1990) | 89 |
| M.3 | AWARD DETERMINATION. | 89 |
| M.4 | EVALUATION FACTORS | 90 |

PART I - THE SCHEDULE

SECTION B - SUPPLIES OR SERVICES AND PRICE/COSTS

SCHEDULE OF ITEMS

| Item No. | Supplies/Services | Quantity | Unit | Unit Price | Amount |
|---|---|---|---|---|---|
| 01 | TRAP BEAVER IN ACCORDANCE WITH THE SPECIFICATIONS AND ATTACHMENTS | 700 | EA | 45.00 | 31,500 |
| 02 | MAINTAIN CULVERT OUTLETS AND INLETS IN ACCORDANCE WITH SPECIFICATIONS AND ATTACHMENTS | 1100 | HR | 18.00 | 19,800 |

TOTAL BASE PERIOD: $ 51,300 wdH

OPTION PERIOD I

| Item No. | Supplies/Services | Quantity | Unit | Unit Price | Amount |
|---|---|---|---|---|---|
| 01 | TRAP BEAVER IN ACCORDANCE WITH THE SPECIFICATIONS AND ATTACHMENTS | 700 | EA | 45.00 | 31,500 |
| 02 | MAINTAIN CULVERT OUTLETS AND INLETS IN ACCORDANCE WITH SPECIFICATIONS AND ATTACHMENTS | 1100 | HR | 18,00 | 19,800 |

TOTAL OPTION PERIOD I: $ 51,300

TOTAL BASE PERIOD AND OPTION PERIOD: $ 102,600.00 wdH

NOTICE:

Savannah River Site is a restricted access Government facility and only United States citizens are authorized entry to the Site.

TASK ORDERS

This is a requirements contract for the period from date of contract award to December 31, 1999 for the base period; and

January 1, 2000 to December 31, 2000 for Option Period I. Individual task orders will be placed against this contract when services are required. Orders shall be verbal or in writing and all verbal orders shall be confirmed in writing. The Contractor shall have 72 hours after receipt of the verbal or written task order to start work. Each task order shall include maps showing where work is to be performed. See exhibit in Section J for an example of a task order. All written task orders shall be signed by the Contracting Officer, the SRI Contract Specialist or the SRI Purchasing Agent. Only the following individuals are authorized to place orders on this contract:
Contracting Officer, Homer R. Gabard
Contract Specialist, Christopher D. Banks
Purchasing Agent, Cindy Possee
COR, Frankie Brooks (verbal orders only)

Estimated quantities are intended as a good faith estimate of quantities to be ordered. However, the Government is not obligated to order any work to be performed under the resulting contract for either the base period or the option period. Reference FAR Clause 52.216-21 "Requirements".

## SECTION C - DESCRIPTION/SPECIFICATION /WORK STATEMENT

C.1 STATEMENT OF WORK/SPECIFICATIONS (AGAR 452.211-72) (FEB 1988)

The Contractor shall furnish the necessary personnel, material, equipment, services and facilities (except as otherwise specified), to perform the Statement of Work/Specifications referenced in Section J.

SECTION D - PACKAGING AND MARKING

[For this Solicitation, there are NO clauses in this Section]

SECTION E - INSPECTION AND ACCEPTANCE

E.1 CLAUSES INCORPORATED BY REFERENCE (FAR 52.252-2) (FEB 1998)

This contract incorporates one or more clauses by reference, with the same force and effect as if they were given in full text. Upon request, the Contracting Officer will make their full text available. Also, the full text of a clause may be accessed electronically at this/these address(es)

I. FEDERAL ACQUISITION REGULATION (48 CFR CHAPTER 1) CLAUSES

| CLAUSE NUMBER | DATE | TITLE |
|---|---|---|

None by reference

E.2 INSPECTION OF SERVICES--FIXED-PRICE (FAR 52.246-4) (AUG 1996)

(a) Definitions. "Services," as used in this clause, includes services performed, workmanship, and material furnished or utilized in the performance of services.

(b) The Contractor shall provide and maintain an inspection system acceptable to the Government covering the services under this contract. Complete records of all inspection work performed by the Contractor shall be maintained and made available to the Government during contract performance and for as long afterwards as the contract requires.

(c) The Government has the right to inspect and test all services called for by the contract, to the extent practicable at all times and places during the term of the contract. The Government shall perform inspections and tests in a manner that will not unduly delay the work.

(d) If the Government performs inspections or tests on the premises of the Contractor or a subcontractor, the Contractor shall furnish, and shall require subcontractors to furnish, at no increase in contract price, all reasonable facilities and assistance for the safe and convenient performance of these duties.

(e) If any of the services do not conform with contract

requirements, the Government may require the Contractor to perform the services again in conformity with contract requirements, at no increase in contract amount. When the defects in services cannot be corrected by reperformance, the Government may (1) require the Contractor to take necessary action to ensure that future performance conforms to contract requirements and (2) reduce the contract price to reflect the reduced value of the services performed.

(f) If the Contractor fails to promptly perform the services again or to take the necessary action to ensure future performance in conformity with contract requirements, the Government may (1) by contract or otherwise, perform the services and charge to the Contractor any cost incurred by the Government that is directly related to the performance of such service or (2) terminate the contract for default.

## SECTION F - DELIVERIES OR PERFORMANCE

F.1 CLAUSES INCORPORATED BY REFERENCE (FAR 52.252-2) (FEB 1998)

This contract incorporates one or more clauses by reference, with the same force and effect as if they were given in full text. Upon request, the Contracting Officer will make their full text available. Also, the full text of a clause may be accessed electronically at this/these address(es)

I. FEDERAL ACQUISITION REGULATION (48 CFR CHAPTER 1) CLAUSES

| CLAUSE NUMBER | DATE | TITLE |
|---|---|---|
| 52.242-17 | APR 1984 | GOVERNMENT DELAY OF WORK |

F.2 PERIOD OF PERFORMANCE (AGAR 452.211-74 (FEB 1988)

The period of performance of this contract is from DATE OF CONTRACT AWARD TO 12/31/99 through OPTION PERIOD: 1/01/2000 TO 12/31/2000.

F.3 STOP-WORK ORDER (FAR 52.242-15) (AUG 1989)

(a) The Contracting Officer may, at any time, by written order to the Contractor, require the Contractor to stop all, or any part, of the work called for by this contract for a period of 90 days after the order is delivered to the Contractor, and for any further period to which the parties may agree. The order shall be specifically identified as a stop-work order issued under this clause. Upon receipt of the order, the Contractor shall immediately comply with its terms and take all reasonable steps to minimize the incurrence of costs allocable to the work covered by the order during the period of work stoppage. Within a period of 90 days after a stop-work is delivered to the Contractor, or within any extension of that period to which the parties shall have agreed, the Contracting Officer shall either--

(1) Cancel the stop-work order; or

(2) Terminate the work covered by the order as provided in the Default, or the Termination for Convenience of the Government, clause of this contract.

(b) If a stop-work order issued under this clause is canceled or the period of the order or any extension thereof expires, the Contractor shall resume work. The Contracting Officer shall make an equitable adjustment in the delivery schedule or contract price, or both, and the contract shall be modified, in writing, accordingly, if--

(1) The stop-work order results in an increase in the time required for, or in the Contractor's cost properly allocable to, the performance of any part of this contract; and

(2) The Contractor asserts its right to the adjustment within 30 days after the end of the period of work stoppage; provided, that, if the Contracting Officer decides the facts justify the action, the Contracting Officer may receive and act upon the claim submitted at any time before final payment under this contract.

(c) If a stop-work order is not canceled and the work covered by the order is terminated for the convenience of the Government, the Contracting Officer shall allow reasonable costs resulting from the stop-work order in arriving at the termination settlement.

(d) If a stop-work order is not canceled and the work covered by the order is terminated for default, the Contracting Officer shall allow, by equitable adjustment or otherwise, reasonable costs resulting from the stop-work order.

SECTION G - CONTRACT ADMINISTRATION DATA

[For this Solicitation, there are NO clauses in this Section]

## SECTION H - SPECIAL CONTRACT REQUIREMENTS

H.1 POST AWARD CONFERENCE (AGAR 452.215-73) (NOV 1996)

A post award conference with the successful offeror is required. It will be scheduled within 10 days after the date of contract award. The conference will be held at:

USDA FOREST SERVICE
1-MILE INSIDE AIKEN BARRICADE, SRS, BLDG. 760-15G
AIKEN, SC 29802

H.2 CONFIDENTIALITY OF INFORMATION (AGAR 452.224-70) (FEB 1988)

(a) Confidential information, as used in this clause, means--

(1) information or data of a personal nature, proprietary about an individual, or (2) information or data submitted by or pertaining to an organization.

(b) In addition to the types of confidential information described in (a)(1) and (2) above, information which might require special consideration with regard to the timing of its disclosure may derive from studies or research, during which public disclosure of primarily invalidated findings could create an erroneous conclusion which might threaten public health or safety if acted upon.

(c) The Contracting Officer and the Contractor may, by mutual consent, identify elsewhere in this contract specific information and/or categories of information which the Government will furnish to the Contractor or that the Contractor is expected to generate which is confidential. Similarly, the Contracting Officer and the Contractor may, by mutual consent, identify such confidential information from time to time during the performance of the contract. Failure to agree will be settled pursuant to the "Disputes" clause.

(d) If it is established that information to be utilized under this contract is subject to the Privacy Act, the Contractor will follow the rules and procedures of disclosure set forth in the Privacy Act of 1974, 5 U.S.C. 552a, and implementing regulations and policies, with respect to systems of records determined to be subject to the Privacy Act.

(e) Confidential information, as defined in (a)(1) and (2) above, shall not be disclosed without the prior written consent of the individual, institution or organization.

(f) Written adv st 45 days will be provided to

the Contracting Officer of the Contractor's intent to release findings of studies or research, which have the possibility of adverse effects on the public or the Federal agency, as described in (b) above. If the Contracting Officer does not pose any objections in writing within the 45 day period, the Contractor may proceed with disclosure. Disagreements not resolved by the Contractor and Contracting Officer will be settled pursuant to the "Disputes" clause.

(g) Whenever the Contractor is uncertain with regard to the proper handling of material under the contract, or if the material in question is subject to the Privacy Act or is confidential information subject to the provisions of this clause, the Contractor shall obtain a written determination from the Contracting Officer prior to any release, disclosure, dissemination, or publication.

(h) The provisions of paragraph (e) of this clause shall not apply when the information is subject to conflicting or overlapping provisions in other Federal, State or local laws.

H.3 INSURANCE COVERAGE (AGAR 452.228-71) (NOV 1996)
ALTERNATE I (NOV 1996)

Pursuant to FAR clause 52.228-5, Insurance-Work on a Government Installation, the Contractor will be required to present evidence to show, as a minimum, the amounts of insurance coverage indicated below:

(a) Workers Compensation and Employer's Liability. The Contractor is required to comply with applicable Federal and State workers' compensation and occupational disease statutes. If occupational diseases are not compensable under those statutes, they shall be covered under the employer's liability section of the insurance policy, except when contract operations are so commingled with a Contractor's commercial operations that it would not be practical to require this coverage. Employer's liability coverage of at least $100,000 shall be required, except in States with exclusive or monopolistic funds that do not permit worker's compensation to be written by private carriers.

(b) General Liability.

(1) The Contractor shall have bodily injury liability coverage written on a comprehensive form of policy of at least $500,000 per occurrence.

(2) The Contractor shall have property damage liability insurance shall be required in the amount of 500,000 per occurrence.

(c) Automobile Liability. The Contractor shall have automobile liability insurance written on a comprehensive form of policy. The policy shall provide for bodily injury and property damage liability covering the operation of all automobiles used in connection with performing the contract. Policies covering automobiles operated in the United States shall provide coverage of at least $200,000 per

person and $500,000 per occurrence for bodily injury and $20,000 per occurrence for property damage or loss.

(d) Aircraft Public and Passenger Liability. When aircraft are used in connection with performing the contract, the Contractor shall have aircraft public and passenger liability insurance. Coverage shall be at least $200,000 per person and $500,000 per occurrence for bodily injury, other than passenger injury. Coverage for passenger injury shall be at least $200,000 multiplied by the number of seats or passengers, whichever is greater.

H.4 PERMITS AND RESPONSIBILITIES (FAR 52.236-7) (NOV 1991)

The Contractor shall, without additional expense to the Government, be responsible for obtaining any necessary licenses and permits, and for complying with any Federal, State, and municipal laws, codes, and regulations applicable to the performance of the work. The Contractor shall also be responsible for all damages to persons or property that occur as a result of the Contractor's fault or negligence. The Contractor shall also be responsible for all materials delivered and work performed until completion and acceptance of the entire work, except for any completed unit of work which may have been accepted under the contract.

H.5 EMERGENCY RESPONSE (AGAR 452.236-77) (NOV 1996)

(a) Contractor's Responsibility for Fire Fighting . (1) The Contractor, under the provisions of FAR clause 52.236-9, PROTECTION OF EXISTING VEGETATION, STRUCTURES, EQUIPMENT, UTILITIES, AND IMPROVEMENTS, shall immediately extinguish all fires on the work site other than those fires in use as a part of the work. (2) The Contractor may be held liable for all damages and for all costs incurred by the Government for labor, subsistence, equipment, supplies, and transportation deemed necessary to control or suppress a fire set or caused by the Contractor or the Contractor's agents or employees.

(b) Contractor's Responsibility for Notification in Case of Fire. The Contractor shall immediately notify the Government of any fires sighted on or in the vicinity of the work site.

(c) Contractor's Responsibility for Responding to Emergencies. When directed by the Contracting Officer, the Contractor shall allow the Government to temporarily use employees and equipment from the work site for emergency work (anticipated to be restricted to fire fighting). An equitable adjustment for the temporary use of employees and equipment will be made under the CHANGES clause, FAR 52.243-4.

H.6 KEY PERSONNEL (AGAR 452.237-74) (FEB 1988)

(a) The Contractor shall assign to this contract the following key personnel:

SUPERVISOR
TRAPPERS
CULVERT MAINTENANCE PERSONNEL

(b) During the first ninety (90) days of performance, the Contractor shall make no substitutions of key personnel unless the substitution is necessitated by illness, death, or termination of employment. The Contractor shall notify the Contracting Officer within 15 calendar days after the occurrence of any of these events and provide the information required by paragraph (c) below. After the initial 90-day period, the Contractor shall submit the information required by paragraph (c) to the Contracting Officer at least 15 days prior to making any permanent substitutions.

(c) The Contractor shall provide a detailed explanation of the circumstances necessitating the proposed substitutions, complete resumes for the proposed substitutes, and any additional information requested by the Contracting Officer. Proposed substitutes should have comparable qualifications to those of the persons being replaced. The Contracting Officer will notify the Contractor within 15 calendar days after receipt of all required information of the decision on substitutions. The contract will be modified to reflect any approved changes of key personnel.

H.7 RESTRICTIONS AGAINST DISCLOSURE (AGAR 452.237-75) (FEB 1988)

(a) The Contractor agrees, in the performance of this contract, to keep all information contained in source documents or other media furnished by the Government in the strictest confidence. The Contractor also agrees not to publish or otherwise divulge such information in whole or in part in any manner or form, or to authorize or permit others to do so, taking such reasonable measures as are necessary to restrict access to such information while in the Contractor's possession, to those employees needing such information to perform the work provided herein, i.e., on a "need to know" basis. The Contractor agrees to immediately notify in writing, the Contracting Officer, named herein, in the event that the Contractor determines or has reason to suspect a breach of this requirement.

(b) The Contractor agrees not to disclose any information concerning the work under this contract to any persons or individual unless prior written approval is obtained from the Contracting Officer. The Contractor agrees to insert the substance of this clause in any consultant agreement or subcontract hereunder.

H.8 COMPLIANCE WITH AREA REGULATIONS

The Contractor agrees to comply with all security and safety regulations and requirements of the Government. A short security questionnaire is required of the Contractor and all of his/her employees working on SRS. The Contractor shall be responsible for maintaining satisfactory standards of employee competency, conduct, and integrity, and shall be responsible for taking disciplinary action with respect to his/her employees as may be necessary. In the event the Contractor fails to remove any employee whose continued employment is deemed by the Government to be contrary to the public interest, the Government reserves the right to require the Contractor to remove the employee. The Contractor agrees to designate a representative who shall be authorized to receive on behalf of the Contractor any notices and instructions given by the Contracting Officer in regard to performance under this contract and to take such action thereon as is required by the terms of this contract.

The Contractor further agrees that only persons possessing a valid state driver's license will be permitted to operate motor vehicles engaged in the performance of this Contract upon the roads of the SRS. Failure to furnish evidence of such license for an employee driver, will result in such employee being denied access to the SRS. In addition, Contractor and all employee drivers shall comply with all applicable state laws regulating traffic on SRS.

NOTE: All personnel working on the SRS must be United States citizens.

H.9 SAFETY AND HEALTH

The contractor shall take all reasonable precautions in the performance of the work under this contract to protect the safety and health of employees, subcontractors, and members of the public and shall comply with all applicable safety and health regulations and requirements of the Department of Energy, OSHA, including reporting, and USDA Forest Service.

The contractor agrees to cooperate in making it possible for the Contracting Officer, Forest Service, and DOE personnel to safely and economically inspect activities under this contract and to conduct their official duties on the contract site and such other places on the SRS where the contractor, his/her employees, and subcontractors conduct operations under this contract. The Contracting Officer shall notify the contractor, in writing, of any noncompliance with the provisions of this clause and the corrective action to be taken. After receipt of such notice, the contractor shall immediately take such corrective action. In the event that the contractor fails to comply with said regulations or requirements, the Contracting Officer may, without prejudice to any other legal or contractual rights, issue an order stopping all or any part of the work; thereafter, a start order for resumption of the work may be issued at the discretion of ...ing Officer. The contractor shall