C. Any employee who was assigned by his employer to work at the SRS and was fired for possession, trafficking or use of illegal drugs or for being under the influence of drugs while at SRS.

D. Any employee who has been fired or quit to avoid being fired from any employment for violation of a contractor or subcontractor policy on the use or abuse of illegal drugs.

E. Any employee who has been denied a DOE access authorization (security clearance) pursuant to the procedures of 10 CFR 710 administrative review.

F. Individuals who have been involuntarily terminated or have voluntarily terminated to avoid involuntary termination from any employment for theft of government property at the SRS or for a willful violation of contractor policies or security regulations which may jeopardize the security of site operations or the health and safety of other employees or the general public.

G. Any employee who has been fired or quit to avoid being fired from any employment at the SRS for theft of property.

Contractor or their representative shall be notified of employees that will be denied access to SRS and immediately upon notification, contractor shall remove the employee(s) from SRS and return the site access badge(s) to the Contracting Officer or COR. Contractor shall be responsible for replacing those employee(s) denied access to SRS and denial of access for contractor's employee(s) shall not be construed as a suitable excuse for nonperformance of the contract. If the contractor is denied access to SRS the contract may be terminated for default.

Failure of the contractor to promptly remove employee(s) denied access and surrender their site access badges to the C.O. or COR may result in termination for default.

## PART II - CONTRACT CLAUSES

## SECTION I - CONTRACT CLAUSES

I.1 CLAUSES INCORPORATED BY REFERENCE (FAR 52.252-2) (FEB 1998)

This contract incorporates one or more clauses by reference, with the same force and effect as if they were given in full text. Upon request, the Contracting Officer will make their full text available. Also, the full text of a clause may be accessed electronically at this/these address(es)

I. FEDERAL ACQUISITION REGULATION (48 CFR CHAPTER 1) CLAUSES

| CLAUSE NUMBER | DATE | TITLE |
|---|---|---|
| 52.202-1 | OCT 1995 | DEFINITIONS |
| 52.203-3 | APR 1984 | GRATUITIES |
| 52.203-5 | APR 1984 | COVENANT AGAINST CONTINGENT FEES |
| 52.203-6 | JUL 1995 | RESTRICTIONS ON SUBCONTRACTOR SALES TO THE GOVERNMENT |
| 52.203-10 | JAN 1997 | PRICE OR FEE ADJUSTMENT FOR IMPROPER OR ILLEGAL ACTIVITY |
| 52.204-4 | JUN 1996 | PRINTING/COPYING DOUBLE-SIDED ON RECYCLED PAPER |
| 52.209-6 | JUL 1995 | PROTECTING THE GOVERNMENT'S INTEREST WHEN SUBCONTRACTING WITH CONTRACTORS DEBARRED, SUSPENDED, OR PROPOSED FOR DEBARMENT |
| 52.215-2 | AUG 1996 | AUDIT AND RECORDS--NEGOTIATION |
| 52.215-8 | OCT 1997 | ORDER OF PRECEDENCE - UNIFORM CONTRACT FORMAT |
| 52.222-3 | AUG 1996 | CONVICT LABOR |
| 52.222-26 | APR 1984 | EQUAL OPPORTUNITY |
| 52.222-35 | APR 1998 | AFFIRMATIVE ACTION FOR DISABLED VETERANS AND VETERANS OF THE |
| 52.222-36 | JUN 1998 | AFFIRMATIVE ACTION FOR HANDICAPPED WORKERS |
| 52.222-37 | APR 1998 | EMPLOYMENT REPORTS ON DISABLED VETERANS AND VETERANS OF THE VIETNAM ERA |

| | | |
|---|---|---|
| 52.223-2 | APR 1984 | CLEAN AIR AND WATER |
| 52.223-5 | APR 1998 | POLLUTION PREVENTION AND RIGHT-TO-KNOW INFORMATION |
| 52.223-14 | OCT 1996 | TOXIC CHEMICAL RELEASE REPORTING |
| 52.225-11 | AUG 1998 | RESTRICTIONS ON CERTAIN FOREIGN PURCHASES |
| 52.227-1 | JUL 1995 | AUTHORIZATION AND CONSENT |
| 52.227-2 | AUG 1996 | NOTICE AND ASSISTANCE REGARDING PATENT AND COPYRIGHT INFRINGEMENT |
| 52.228-5 | JAN 1997 | INSURANCE--WORK ON A GOVERNMENT INSTALLATION |
| 52.229-3 | JAN 1991 | FEDERAL, STATE, AND LOCAL TAXES |
| 52.229-5 | APR 1984 | TAXES -- CONTRACTS PERFORMED IN U.S. POSSESSIONS OR PUERTO RICO |
| 52.232-29 | OCT 1995 | TERMS FOR FINANCING OF PURCHASES OF COMMERCIAL ITEMS |
| 52.232-17 | JUN 1996 | INTEREST |
| 52.232-33 | AUG 1996 | MANDATORY INFORMATION FOR ELECTRONIC FUNDS TRANSFER PAYMENT |
| 52.233-3 | AUG 1996 | PROTEST AFTER AWARD |
| 52.242-13 | JUL 1995 | BANKRUPTCY |
| 52.246-25 | FEB 1997 | LIMITATION OF LIABILITY--SERVICES |
| 52.253-1 | JAN 1991 | COMPUTER GENERATED FORMS |

I.2 ANTI-KICKBACK PROCEDURES (FAR 52.203-7) (JUL 1995)

(a) Definitions.

"Kickback," as used in this clause, means any money, fee, commission, credit, gift, gratuity, thing of value, or compensation of any kind which is provided, directly or indirectly, to any prime Contractor, prime Contractor employee, subcontractor, or subcontractor employee for the purpose of improperly obtaining or rewarding favorable treatment in connection with a prime contract or in connection with a subcontract relating to a prime contract.

"Person," as used in this clause, means a corporation, partnership, business association of any kind, trust, joint-stock company, or individual.

"Prime contract," as used in this clause, means a contract or contractual action entered into by the United States for the purpose of obtaining supplies, materials, equipment, or services of any kind.

"Prime Contractor" as used in this clause, means a person who has entered into a prime contract with the United States.

"Prime Contractor employee," as used in this clause, means any officer, partner, employee, or agent of a prime Contractor.

"Subcontract," as used in this clause, means a contract or contractual action entered into by a prime Contractor or subcontractor for the purpose of obtaining supplies, materials, equipment, or services of any kind under a prime contract.

"Subcontractor," as used in this clause, (1) means any person, other than the prime Contractor, who offers to furnish or furnishes any supplies, materials, equipment, or services of any kind under a prime contract or a subcontract entered into in connection with such prime contract, and (2) includes any person who offers to furnish or furnishes general supplies to the prime Contractor or a higher tier subcontractor.

"Subcontractor employee," as used in this clause, means any officer, partner, employee, or agent of a subcontractor.

(b) The Anti-Kickback Act of 1986 (41 U.S.C. 51-58) (the Act), prohibits any person from--

(1) Providing or attempting to provide or offering to provide any kickback;

(2) Soliciting, accepting, or attempting to accept any kickback; or

(3) Including, directly or indirectly, the amount of any kickback in the contract price charged by a prime Contractor to the United States or in the contract price charged by a subcontractor to a prime Contractor or higher tier subcontractor.

(c)(1) The Contractor shall have in place and follow reasonable procedures designed to prevent and detect possible violations described in paragraph (b) of this clause in its own operations and direct business relationships.

(2) When the Contractor has reasonable grounds to believe that a violation described in paragraph (b) of this clause may have occurred, the Contractor shall promptly report in writing the possible violation. Such reports shall be made to the inspector general of the contracting agency, the head of the contracting agency if the agency does not have an inspector general, or the Department of Justice.

(3) The Contractor shall cooperate fully with any Federal agency investigating a possible violation described in paragraph (b) of this clause.

(4) The Contracting Officer may (i) offset the amount of the kickback against any monies owed by the United States under the prime contract and/or (ii) direct that the Prime Contractor withhold from sums owed the subcontractor under the prime contract the amount of the kickback. The Contracting Officer may order that monies withheld under subdivision (c)(4)(ii) of this clause be paid over to

the Government unless the Government has already offset those monies under subdivision (c)(4)(i) of this clause. In either case, the Prime Contractor shall notify the Contracting Officer when the monies are withheld.

(5) The Contractor agrees to incorporate the substance of this clause, including this subparagraph (c)(5) but excepting subparagraph (c)(1), in all subcontracts under this contract which exceed $100,000.

I.3 CANCELLATION, RESCISSION, AND RECOVERY OF FUNDS FOR ILLEGAL OR IMPROPER ACTIVITY (FAR 52.203-8) (JAN 1997)

(a) If the Government receives information that a contractor or a person has engaged in conduct constituting a violation of subsection (a), (b), (c), or (d) of Section 27 of the Office of Federal Procurement Policy Act (41 U.S.C. 423) (the Act), as amended by section 4304 of the 1996 National Defense Authorization Act for Fiscal Year 1996 (Pub. L. 104-106), the Government may--

(1) Cancel the solicitation, if the contract has not yet been awarded or issued; or

(2) Rescind the contract with respect to which--

(i) The Contractor or someone acting for the Contractor has been convicted for an offense where the conduct constitutes a violation of subsection 27 (a) or (b) of the Act for the purpose of either--

(A) Exchanging the information covered by such subsections for anything of value; or

(B) Obtaining or giving anyone a competitive advantage in the award of a Federal agency procurement contract; or

(ii) The head of the contracting activity has determined, based upon a preponderance of the evidence, that the Contractor or someone acting for the Contractor has engaged in conduct constituting an offense punishable under subsections 27(e)(1) of the Act.

(b) If the Government rescinds the contract under paragraph (a) of this clause, the Government is entitled to recover, in addition to any penalty prescribed by law, the amount expended under the contract.

(c) The rights and remedies of the Government specified herein are not exclusive, and are in addition to any other rights and remedies provided by law, regulation, or under this contract.