(2) Certain food products and other payments. (i) Due date on Contractor invoices for meat, meat food products, or fish; perishable agricultural commodities, dairy products, edible fats or oils, and food products prepared from edible fats or oils are--

(A) For meat and meat food products, as defined in section 2(a)(3) of the Packers and Stockyard Act of 1921 (7 U.S.C. 182(3)) and further defined in Pub. L. 98-181 including any edible fresh or frozen poultry meat, any perishable poultry meat food product, fresh eggs, and any perishable egg product, will be as close as possible to, but not later than, the 7th day after product delivery.

(B) For fresh or frozen fish, as defined in section 204(3) of the Fish and Seafood Promotion Act of 1986 (16 U.S.C. 4003(3)), as close as possible to, but not later than, the 7th day after product delivery.

(C) For perishable agricultural commodities, as defined in section 1(4) of the Perishable Agricultural Commodities Act of 1930 (7 U.S.C. 499a(44)), as close as possible to, but not later than, the 10th day after product delivery, unless another date is specified in the contract.

(D) For dairy products, as defined in section 111(e) of the Dairy Production Stabilization Act of 1983 (7 U.S.C. 4502(e)), edible fats or oils, and food products prepared from edible fats or oils, will be as close as possible to, but not later than, the 10th day after the date on which a proper invoice has been received. Liquid milk, cheese, certain processed cheese products, butter, yogurt, ice cream, mayonnaise, salad dressings, and other similar products, fall within this classification. Nothing in the Act limits this classification to refrigerated products. When questions arise regarding the proper classification of a specific product, prevailing industry practices will be followed in specifying a contract payment due date. The burden of proof that a classifications of a specific product is, in fact, prevailing industry practice is upon the Contractor making the representation.

(ii) If the contract does not require submission of an invoice for payment (e.g., periodic lease payments), the due date will be as specified in the contract.

(3) Contractor's invoice. The Contractor shall prepare and submit invoices to the designated billing office specified in the contract. A proper invoice must include the items listed in subdivisions (a)(3)(i) through (a)(3)(viii) of this clause. If the invoice does not comply with these requirements, it shall be returned within 7 days after the date the designated billing office received the invoice (3 days for meat, meat food products, or fish, and 5 days for perishable agricultural commodities, edible fats or oils, and food products prepared from edible fats or oils), with a statement of the reasons why it is not a proper invoice. Untimely notification will be taken into account in the computation of any interest penalty owed the Contractor in the manner described in subparagraph (a)(5) of this clause.

(i) Name and address of the Contractor.

(ii) Invoice date. (The Contractor is encouraged to date invoices as close as possible to the date of the mailing or transmission.)

(iii) Contract number or other authorization for supplies delivered or services performed (including order number and contract line item number).

(iv) Description, quantity, unit of measure, unit price, and extended price of supplies delivered or services performed.

(v) Shipping and payment terms (e.g., shipment number and date of shipment, prompt payment discount terms). Bill of lading number and weight of shipment will be shown for shipments on Government bills of lading.

(vi) Name and address of Contractor official to whom payment is to be sent (must be the same as that in the contract or in a proper notice of assignment).

(vii) Name (where practicable), title, phone number and mailing address of person to be notified in event of a defective invoice.

(viii) Any other information or documentation required by other requirements of the contract (such as evidence of shipment).

(ix) While not required, the Contractor is strongly encouraged to assign an identification number to each invoice.

(4) Interest penalty. An interest penalty shall be paid automatically by the designated payment office, without request from the Contractor, if payment is not made by the due date and the conditions listed in subdivisions (a)(4)(i) through (a)(4)(iii) of this clause are met, if applicable. However, when the due date falls on a Saturday, Sunday, or legal holiday when Federal Government offices are closed and Government business is not expected to be conducted, payment may be made on the following business day without incurring a late payment interest penalty.

(i) A proper invoice was received by the designated billing office.

(ii) A receiving report or other Government documentation authorizing payment was processed and there was no disagreement over quantity, quality, or Contractor compliance with any contract term or condition.

(iii) In the case of a final invoice for any balance of funds due the Contractor for supplies delivered or services performed, the amount was not subject to further contract settlement actions between the Government and the Contractor.

(5) Computing penalty amount. The interest penalty shall be at the rate established by the Secretary of the Treasury under section 12 of the Contract Disputes Act of 1978 (41 U.S.C. 611) that is in effect on the day after the due date, except where the interest penalty is prescribed by other governmental authority (e.g.,tariffs). This rate is referred to as the "Renegotiation Board Interest Rate," and it is published in the Federal Register semiannually on or about January 1 and July 1. The interest penalty shall accrue daily on the invoice principal payment amount approved by the Government until the payment date of such approved principal amount; and will be compounded in 30-day increments inclusive from the first day after the due date through the payment date. That is, interest accrued at the end of any 30-day period will be added to the approved invoice principal payment amount and be subject to interest penalties if not paid in the succeeding 30-day period. If the designated billing office failed to notify the Contractor of a defective invoice within the periods prescribed in subparagraph (a)(3) of this clause, the due date on the corrected invoice will be adjusted by subtracting from such date the number of days taken beyond the prescribed notification of defects period. Any interest penalty owed the Contractor will be based on this adjusted due date. Adjustments will be made by the designated payment office for errors in calculating interest penalties.

(i) For the sole purpose of computing an interest penalty that might be due the Contractor, Government acceptance shall be deemed to have occurred constructively on the 7th day (unless other-wise specified in this contract) after the Contractor delivered the supplies or performed the services in accordance with the terms and conditions of the contract, unless there is a disagreement over quantity, quality, or contractor compliance with a contract provision. In the event that actual acceptance occurs within the constructive acceptance period, the determination of an interest penalty shall be based on the actual date of acceptance. The constructive acceptance requirement does not, however, compel Government officials to accept supplies or services, perform contract administration functions, or make payment prior to fulfilling their responsibilities.

(ii) The following periods of time will not be included in the determination of an interest penalty:

(A) The period taken to notify the Contractor of defects in invoices submitted to the Government, but this may not exceed 7 days (3 days for meat, meat food products, or fish, and 5 days for perishable agricultural commodities, dairy products, edible fats or oils, and food products prepared from edible fats or oils).

(B) The period between the defects notice and resubmission of the corrected invoice by the Contractor.

(C) For incorrect electronic funds transfer (EFT) information, in accordance with the EFT clause of this contract.

(iii) Interest penalties will not continue to accrue after the filing of a claim for such penalties under the clause at 52.233-1, Disputes, or for more than 1 year. Interest penalties of less than $1 need not be paid.

(iv) Interest penalties are not required on payment delays due to disagreement between the Government and Contractor over the payment amount or other issues involving contract compliance or on amounts temporarily withheld or retained in accordance with the terms of the contract. Claims involving disputes, and any interest that may be payable, will be resolved in accordance with the clause at 52.233-1, Disputes.

(6) Prompt payment discounts. An interest penalty shall also be paid automatically by the designated payment office, without request from the Contractor, if a discount for prompt payment is taken improperly. The interest penalty will be calculated as described in subparagraph (a)(5) of this clause on the amount of discount taken for the period beginning with the first day after the end of the discount period through the date when the Contractor is paid.

(7) Additional interest penalty. (i) If this contract was awarded on or after October 1, 1989, a penalty amount, calculated in accordance with subdivision (a)(7)(iii) of this clause, shall be paid in addition to the interest penalty amount if the Contractor-

(A) Is owed an interest penalty of $1 or more;

(B) Is not paid the interest penalty within 10 days after the date the invoice amount is paid; and

(C) Makes a written demand to the designated payment office for additional penalty payment, in accordance with subdivision (a)(7)(ii) of this clause, postmarked not later than 40 days after the date the invoice amount is paid.

(ii)(A) Contractors shall support written demands for additional penalty payments with the following data. No additional data shall be required. Contractors shall-- (1) Specifically assert that late payment interest is due under a specific invoice, and request payment of all overdue late payment interest penalty and such additional penalty as may be required; (2) Attach a copy of the invoice on which the unpaid late payment interest was due; and (3) State that payment of the principal has been received, including the date of receipt. (B) Demands must be postmarked on or before the 40th day after payment was made, except that-- (1) If the postmark is illegible or nonexistent, the demand must have been received and annotated with the date of receipt by the designated payment office on or before the 40th day after payment was made; or (2) If the postmark is illegible or nonexistent and the designated payment office fails to make the required annotation, the demand's validity will be determined by the date the Contractor has placed on the demand; provided such date is no later than the 40th day after payment was made.

(iii)(A) The additional penalty shall be equal to 100 percent of any original late payment interest penalty that is due on or after January 22, 1990, except-- (1) For additional penalties due on or before January 22, 1992, such penalties shall not exceed $2,500; (2) After January 22, 1992, the additional penalty shall not exceed $5,000; (3) The additional penalty shall never be less than $25; and (4) No additional penalty is owed if the amount of the underlying interest penalty is less than $1. (B) If the interest penalty ceases to accrue in accordance with the limits stated in subdivision (a)(5)(iii) of this clause, the amount of the additional penalty shall be calculated on the amount of interest penalty that would have accrued in the absence of these limits, subject to the overall limits on the additional penalty specified in subdivision (a)(7)(iii)(A) of this clause. (C) For determining the maximum and minimum additional penalties, the test shall be the interest penalty due on each separate payment made for each separate contract. The maximum and minimum additional penalty shall not be based upon individual invoices unless the invoices are paid separately. Where payments are consolidated for disbursing purposes, the maximum and minimum additonal penalty determination shall be made separately for each contract therein. (D) The additional penalty does not apply to payments regulated by other Government regulations (e.g.,payments under utility contracts subject to tariffs and regulation).

(b) Contract financing payments. (1) Due dates for recurring financing payments. If this contract provides for contract financing, requests for payment shall be submitted to the designated billing office as specified in this contract or as directed by the Contracting Officer. Contract financing payments shall be made on the 30th day after receipt of a proper contract financing request by the designated billing office. In the event that an audit or other review of a specific financing request is required to ensure compliance with the terms and conditions of the contract, the designated payment office is not compelled to make payment by the due date specified.

(2) Due dates for other contract financing. For advance payments, loans, or other arrangements that do ot involve recurring submissions of contract financing requests, payment shall be made in accordance with the corresponding contract terms or as directed by the Contracting Officer.

(3) Interest penalty not applicable. Contract financing payments shall not be assessed an interest penalty for payment delays.

(c) Fast payment procedure due dates. If this contract contains the clause at 52.213-1, Fast Payment Procedure, payments will be made within 15 days after the date of receipt of the invoice.

I.21 DISPUTES (FAR 52.233-1) (OCT 1995) ALTERNATE I (DEC 1991)

(a) This contract is subject to the Contracts Disputes Act of 1978, as amended (41 U.S.C. 601-613).

(b) Except as provided in the Act, all disputes arising under or related to this contract shall be resolved under this clause.

(c) "Claim," as used in this clause, means a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to this contract. A claim arising under a contract, unlike a claim relating to that contract, is a claim that can be resolved under a contract clause that provides for the relief sought by the claimant. However, a written demand or written assertion by the Contractor seeking the payment of money exceeding $50,000 is not a claim under the Act until certified as required by subparagraph (d)(2) below. A voucher, invoice, or other routine request for payment that is not in dispute when submitted is not a claim under the Act. The submission may be converted to a claim under the Act, by complying with the submission and certification requirements of this clause, if it is disputed either as to liability or amount or is not acted upon in a reasonable time.

(d) (1) A claim by the Contractor shall be made in writing and, unless otherwise stated in this contract, submitted within 6 years after accrual of the claim to the Contracting Officer for a written decision. A claim by the Government against the Contractor shall be subject to a written decision by the Contracting Officer.

(2) (i) Contractors shall provide the certification specified in subparagraph (d)(2)(iii) of this clause when submitting any claim:

(A) Exceeding $100,000; or

(B) Regardless of the amount claimed, when using:

(1) Arbitration conducted pursuant to 5 U.S.C. 575-580; or

(2) Any other alternative means of dispute resolution (ADR) technique that the agency elects to handle in accordance with the Administrative Dispute Resolution Act (ADRA).

(ii) The certification requirement does not apply to issues in controversy that have not been submitted as all or part of a claim.

(iii) The certification shall state as follows:

"I certify that the claim is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the contract adjustment for which the Contractor believes the Government is liable; and that I am duly authorized to certify the claim on behalf of the Contractor."

(3) The certification may be executed by any person duly