office.

(ii) A receiving report or other Government documentation authorizing payment was processed, and there was no disagreement over quantity, quality, or Contractor compliance with any contract term or condition.

(iii) In the case of a final invoice for any balance of funds due the Contractor for supplies delivered or services performed, the amount was not subject to further contract settlement actions between the Government and the Contractor.

(5) Computing penalty amount. The interest penalty shall be at the rate established by the Secretary of the Treasury under section 12 of the Contract Disputes Act of 1978 (41 U.S.C. 611) that is in effect on the day after the due date, except where the interest penalty is prescribed by other governmental authority (e.g., tariffs). This rate is referred to as the "Renegotiation Board Interest Rate," and it is published in the Federal Register semiannually on or about January 1 and July 1. The interest penalty shall accrue daily on the invoice principal payment amount approved by the Government until the payment date of such approved principal amount; and will be compounded in 30-day increments inclusive from the first day after the due date through the payment date. That is, interest accrued at the end of any 30-day period will be added to the approved invoice principal payment amount and will be subject to interest penalties if not paid in the succeeding 30-day period. If the designated billing office failed to notify the Contractor of a defective invoice within the periods prescribed in subparagraph (a)(3) of this clause, the due date on the corrected invoice will be adjusted by subtracting from such date the number of days taken beyond the prescribed notification of defects period. Any interest penalty owed the Contractor will be based on this adjusted due date. Adjustments will be made by the designated payment office for errors in calculating interest penalties.

(i) For the sole purpose of computing an interest penalty that might be due the Contractor, Government acceptance shall be deemed to have occurred constructively on the 7th day (unless otherwise specified in this contract) after the Contractor delivered the supplies or performed the services in accordance with the terms and conditions of the contract, unless there is a disagreement over quantity, quality, or Contractor compliance with a contract provision. In the event that actual acceptance occurs within the constructive acceptance period, the determination of an interest penalty shall be based on the actual date of acceptance. The constructive acceptance requirement does not, however, compel Government officials to accept supplies or services, perform contract administration functions, or make payment prior to fulfilling their responsibilities.

(ii) The following periods of time will not be included in the determination of an interest penalty:

(A) The period taken to notify the Contractor of defects

in invoices submitted to the Government, but this may not exceed 7 days (3 days for meat, meat food products, or fish; 5 days for perishable agricultural commodities, dairy products, edible fats or oils, and food products prepared from edible fats or oils).

(B) The period between the defects notice and resubmission of the corrected invoice by the Contractor.

(C) For incorrect electronic funds transfer (EFT) information, in accordance with the EFT clause of this contract.

(iii) Interest penalties will not continue to accrue after the filing of a claim for such penalties under the clause at 52.233-1, Disputes, or for more than 1 year. Interest penalties of less than $1 need not be paid.

(iv) Interest penalties are not required on payment delays due to disagreement between the Government and the Contractor over the payment amount or other issues involving contract compliance or on amounts temporarily withheld or retained in accordance with the terms of the contract. Claims involving disputes, and any interest that may be payable, will be resolved in accordance with the clause at 52.233-1, Disputes.

(6) Prompt payment discounts. An interest penalty also shall be paid automatically by the designated payment office, without request from the Contractor, if a discount for prompt payment is taken improperly. The interest penalty will be calculated as described in subparagraph (a)(5) of this clause on the amount of discount taken for the period beginning with the first day after the end of the discount period through the date when the Contractor is paid.

(7) Additional interest penalty.

(i) A penalty amount, calculated in accordance with paragraph (a)(7)(iii) of this clause, shall be paid in addition to the interest penalty amount if the Contractor--

(A) Is owed an interest penalty of $1 or more;

(B) Is not paid the interest penalty within 10 days after the date the invoice amount is paid; and

(C) Makes a written demand to the designated payment office for additional penalty payment, in accordance with paragraph (a)(7)(ii) of this clause, postmarked not later than 40 days after the invoice amount is paid.

(ii) (A) Contractors shall support written demands for additional penalty payments with the following data. No additional data shall be required. Contractors shall--

(1) Specifically assert that late payment interest is due under a specific i[illegible] and request payment of all overdue

late payment interest penalty and such additional penalty as may be required;

(2) Attach a copy of the invoice on which the unpaid late payment interest was due; and

(3) State that payment of the principal has been received, including the date of receipt.

(B) Demands must be postmarked on or before the 40th day after payment was made, except that--

(1) If the postmark is illegible or nonexistent, the demand must have been received and annotated with the date of receipt by the designated payment office on or before the 40th day after payment was made; or

(2) If the postmark is illegible or nonexistent and the designated payment office fails to make the required annotation, the demand's validity will be determined by the date the Contractor has placed on the demand; provided such date is no later than the 40th day after payment was made.

(iii)(A) The additional penalty shall be equal to 100 percent of any original late payment interest penalty, except--

(1) The additional penalty shall not exceed $5,000;

(2) The additional penalty shall never be less than $25; and

(3) No additional penalty is owed if the amount of the underlying interest penalty is less than $1.

(B) If the interest penalty ceases to accrue in accordance with the limits stated in paragraph (a)(5)(iii) of this clause, the amount of the additional penalty shall be calculated on the amount of interest penalty that would have accrued in the absence of these limits, subject to the overall limits on the additional penalty specified in paragraph (a)(7)(iii)(A) of this clause.

(C) For determining the maximum and minimum additional penalties, the test shall be the interest penalty due on each separate payment made for each separate contract. The maximum and minimum additional penalty shall not be based upon individual invoices unless the invoices are paid separately. Where payments are consolidated for disbursing purposes, the maximum and minimum additional penalty determination shall be made separately for each contract therein.

(D) The additional penalty does not apply to payments regulated by other Government regulations (e.g., payments under utility contracts subject to tariffs and regulation).

(b) Contract financing payments--

(1) Due dates for recurring financing payments. If this contract provides for contract financing, requests for payment shall be submitted to the designated billing office as specified in this contract or as directed by the Contracting Officer. Contract financing payments shall be made on the (insert day as prescribed by Agency head; if not prescribed, insert 30th day) day after receipt of a proper contract financing request by the designated billing office. In the event that an audit or other review of a specific financing request is required to ensure compliance with the terms and conditions of the contract, the designated payment office is not compelled to make payment by the due date specified.

(2) Due dates for other contract financing. For advance payments, loans, or other arrangements that do not involve recurring submissions of contract financing requests, payment shall be made in accordance with the corresponding contract terms or as directed by the Contracting Officer.

(3) Interest penalty not applicable. Contract financing payments shall not be assessed an interest penalty for payment delays.

(c) Fast payment procedure due dates. If this contract contains the clause at 52.213-1, Fast Payment Procedure, payments will be made within 15 days after the date of receipt of the invoice.

I.20 DISPUTES (FAR 52.233-1) (OCT 1995) ALTERNATE I (DEC 1991)

(a) This contract is subject to the Contracts Disputes Act of 1978, as amended (41 U.S.C. 601-613).

(b) Except as provided in the Act, all disputes arising under or related to this contract shall be resolved under this clause.

(c) "Claim," as used in this clause, means a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to this contract. A claim arising under a contract, unlike a claim relating to that contract, is a claim that can be resolved under a contract clause that provides for the relief sought by the claimant. However, a written demand or written assertion by the Contractor seeking the payment of money exceeding $50,000 is not a claim under the Act until certified as required by subparagraph (d)(2) below. A voucher, invoice, or other routine request for payment that is not in dispute when submitted is not a claim under the Act. The submission may be converted to a claim under the Act, by complying with the submission and certification requirements of this clause, if it is disputed either as to liability or amount or is not acted upon in a reasonable time.

(d) (1) A claim by the Contractor shall be made in writing and, unless otherwise stated in this contract, submitted within 6 years after accrual of the claim to the Contracting Officer for a written

decision. A claim by the Government against the Contractor shall be subject to a written decision by the Contracting Officer.

(2) (i) Contractors shall provide the certification specified in subparagraph (d)(2)(iii) of this clause when submitting any claim:

(A) Exceeding $100,000; or

(B) Regardless of the amount claimed, when using:

(1) Arbitration conducted pursuant to 5 U.S.C. 575-580; or

(2) Any other alternative means of dispute resolution (ADR) technique that the agency elects to handle in accordance with the Administrative Dispute Resolution Act (ADRA).

(ii) The certification requirement does not apply to issues in controversy that have not been submitted as all or part of a claim.

(iii) The certification shall state as follows:

"I certify that the claim is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the contract adjustment for which the Contractor believes the Government is liable; and that I am duly authorized to certify the claim on behalf of the Contractor."

(3) The certification may be executed by any person duly authorized to bind the Contractor with respect to the claim.

(e) For Contractor claims of $100,000 or less, the Contracting Officer must, if requested in writing by the Contractor, render a decision within 60 days of the request. For Contractor-certified claims over $100,000, the Contracting Officer must, within 60 days, decide the claim or notify the Contractor of the date by which the decision will be made.

(f) The Contracting Officer's decision shall be final unless the Contractor appeals or files a suit as provided in the Act.

(g) If the claim by the Contractor is submitted to the Contracting Officer or a claim by the Contracting Officer or a claim by the Government is presented to the Contractor, the parties, by mutual consent, may agree to use ADR. If the Contractor refuses an offer for alternative disputes resolution, the Contractor shall inform the Contracting Officer, in writing, of the Contractor's specific reasons for rejecting the request. When using arbitration conducted pursuant to 5 U.S.C. 575-580, or when using any other ADR technique that the agency elects to handle in accordance with the ADRA, any claim, regardless of amount, shall be accompanied by the certification described in subparagraph (d)(2)(iii) of this clause, and executed in accordance with subparagraph (d)(3) of this clause.

(h) The Government shall pay interest on the amount found due and unpaid from (1) the date the Contracting Officer receives the claim (certified, if required); or (2) the date that payment otherwise would be due, if that date is later, until the date of payment. With regard to claims having defective certifications, as defined in (FAR) 48 CFR 33.201, interest shall be paid from the date that the Contracting Officer initially receives the claim. Simple interest on claims shall be paid at the rate, fixed by the Secretary of the Treasury as provided in the Act, which is applicable to the period during which the Contracting Officer receives the claim and then at the rate applicable for each 6-month period as fixed by the Treasury Secretary during the pendency of the claim.

(i) The Contractor shall proceed diligently with performance of this contract, pending final resolution of any request for relief, claim, appeal, or action arising under or relating to the contract, and comply with any decision of the Contracting Officer.

I.21 PROTECTION OF GOVERNMENT BUILDINGS, EQUIPMENT, AND VEGETATION (FAR 52.237-2) (APR 1984)

The Contractor shall use reasonable care to avoid damaging existing buildings, equipment, and vegetation on the Government installation. If the Contractor's failure to use reasonable care causes damage to any of this property, the Contractor shall replace or repair the damage at no expense to the Government as the Contracting Officer directs. If the Contractor fails or refuses to make such repair or replacement, the Contractor shall be liable for the cost, which may be deducted from the contract price.

I.22 CHANGES--FIXED-PRICE (FAR 52.243-1) (AUG 1987) ALTERNATE I (APR 1984)

(a) The Contracting Officer may at any time, by written order, and without notice to the sureties, if any, make changes within the general scope of this contract in any one or more of the following:

(1) Description of services to be performed. (2) Time of performance (i.e., hours of the day, days of the week, etc.). (3) Place of performance of the services.

(b) If any such change causes an increase or decrease in the cost of, or the time required for, performance of any part of the work under this contract, whether or not changed by the order, the Contracting Officer shall make an equitable adjustment in the contract price, the delivery schedule, or both, and shall modify the contract.

(c) The Contractor must assert its right to an adjustment under this clause within 30 days from the date of receipt of the written order. However, if the Contracting Officer decides that the facts justify it, the Contracting Officer may receive and act upon a

proposal submitted before final payment of the contract.

(d) If the Contractor's proposal includes the cost of property made obsolete or excess by the change, the Contracting Officer shall have the right to prescribe the manner of the disposition of the property.

(e) Failure to agree to any adjustment shall be a dispute under the Disputes clause. However, nothing in this clause shall excuse the Contractor from proceeding with the contract as changed.

I.23 SUBCONTRACTS FOR COMMERCIAL ITEMS AND COMMERCIAL COMPONENTS (FAR 52.244-6) (APR 1998)

(a) Definitions.

"Commercial item", as used in this clause, has the meaning contained in the clause at 52.202-1, Definitions.

"Subcontract", as used in this clause, includes a transfer of commercial items between divisions, subsidiaries, or affiliates of the Contractor or subcontractor at any tier.

(b) To the maximum extent practicable, the Contractor shall incorporate, and require its subcontractors at all tiers to incorporate, commercial items or nondevelopmental items as components of items to be supplied under this contract.

(c) Notwithstanding any other clause of this contract, the Contractor is not required to include any FAR provision or clause, other than those listed below to the extent they are applicable and as may be required to establish the reasonableness of prices under Part 15, in a subcontract at any tier for commercial items or commercial components:

(1) 52.222-26, Equal Opportunity (E.O. 11246);

(2) 52.222-35, Affirmative Action for Disabled Veterans and Veterans of the Vietnam Era (38 U.S.C. 4212(a));

(3) 52.222-36, Affirmative Action for Handicapped Workers (29 U.S.C. 793); and

(4) 52.247-64, Preference for Privately Owned U.S.-Flagged Commercial Vessels (46 U.S.C. 1241) (flow down not required for subcontracts awarded beginning May 1, 1996).

(d) The Contractor shall include the terms of this clause, including this paragraph (d), in subcontracts awarded under this contract.

I.24 TERMINATION FOR CONVENIENCE OF THE GOVERNMENT (SERVICES) (SHORT FORM) (FAR 52.249-4) (APR 1984)

The Contracting Officer, by written notice, may terminate this contract, in whole or in part, when it is in the Government's interest. If this contract is terminated, the Government shall be liable only for payment under the payment provisions of this contract for services rendered before the effective date of termination.

I.25 DEFAULT (FIXED-PRICE SUPPLY AND SERVICE) (FAR 52.249-8) (APR 1984)

(a) (1) The Government may, subject to paragraphs (c) and (d) of this clause, by written notice of default to the Contractor, terminate this contract in whole or in part if the Contractor fails to--

(i) Deliver the supplies or to perform the services within the time specified in this contract or any extension;

(ii) Make progress, so as to endanger performance of this contract (but see subparagraph (a)(2) of this clause; or

(iii) Perform any of the other provisions of this contract (but see subparagraph (a)(2) of this clause).

(2) The Government's right to terminate this contract under subdivisions (a)(1)(ii) and (1)(iii) of this clause, may be exercised if the Contractor does not cure such failure within 10 days (or more if authorized in writing by the Contracting Officer) after receipt of the notice from the Contracting Officer specifying the failure.

(b) If the Government terminates this contract in whole or in part, it may acquire, under the terms and in the manner the Contracting Officer considers appropriate, supplies or services similar to those terminated, and the Contractor will be liable to the Government for any excess costs for those supplies or services. However, the Contractor shall continue the work not terminated.

(c) Except for defaults of subcontractors at any tier, the Contractor shall not be liable for any excess costs if the failure to perform the contract arises from causes beyond the control and without the fault or negligence of the Contractor. Examples of such causes include (1) acts of God or of the public enemy, (2) acts of the Government in either its sovereign or contractual capacity, (3) fires, (4) floods, (5) epidemics, (6) quarantine restrictions, (7) strikes, (8) freight embargoes, and (9) unusually severe weather. In each instance the failure to perform must be beyond the control and without the fault or negligence of the Contractor.

(d) If the failure to perform is caused by the default of a

subcontractor at any tier, and if the cause of the default is beyond the control of both the Contractor and subcontractor, and without the fault or negligence of either, the Contractor shall not be liable for any excess costs for failure to perform, unless the subcontracted supplies or services were obtainable from other sources in sufficient time for the Contractor to meet the required delivery schedule.

(e) If this contract is terminated for default, the Government may require the Contractor to transfer title and deliver to the Government, as directed by the Contracting Officer, any (1) completed supplies, and (2) partially completed supplies and materials, parts, tools, dies, jigs, fixtures, plans, drawings, information, and contract rights (collectively referred to as "manufacturing materials" in this clause) that the Contractor has specifically produced or acquired for the terminated portion of this contract. Upon direction of the Contracting Officer, the Contractor shall also protect and preserve property in its possession in which the Government has an interest.

(f) The Government shall pay contract price for completed supplies delivered and accepted. The Contractor and Contracting Officer shall agree on the amount of payment for manufacturing materials delivered and accepted and for the protection and preservation of the property. Failure to agree will be a dispute under the Disputes clause. The Government may withhold from these amounts any sum the Contracting Officer determines to be necessary to protect the Government against loss because of outstanding liens or claims of former lien holders.

(g) If, after termination, it is determined that the Contractor was not in default, or that the default was excusable, the rights and obligations of the parties shall be the same as if the termination had been issued for the convenience of the Government.

(h) The rights and remedies of the Government in this clause are in addition to any other rights and remedies provided by law or under this contract.

I.26 AUTHORIZED DEVIATIONS IN CLAUSES
(FAR 52.252-6) (APR 1984)

(a) The use in this solicitation or contract of any Federal Acquisition Regulation (48 CFR Chapter 1) clause with an authorized deviation is indicated by the addition of "(DEVIATION)" after the date of the clause.

(b) The use in this solicitation or contract of any Department of Agriculture Acquisition Regulation (48 CFR Chapter 4) clause with an authorized deviation is indicated by the addition of "(DEVIATION)" after the name of the regulation.

## PART III - LIST OF DOCUMENTS, EXHIBITS AND OTHER ATTACHMENTS

## SECTION J - LIST OF ATTACHMENTS

### LIST OF ATTACHMENTS

SPECIFICATIONS
VICINITY MAP
FIRE ANT MAP
WAGE DETERMINATION NO. 75-0208
TASK ORDER EXAMPLE