IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WILLIAM D. HOOKER, d/b/a<br>GEORGIA BOWHUNTERS SUPPLY | ) | |
| Plaintiff | ) | |
| vs | ) | No.03-1501C<br>(Judge Allegra) |
| THE UNITED STATES, | ) | |
| Defendant | ) | |

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, William D. Hooker, through his undersigned attorney, submits his response to defendant's Motion to Dismiss and respectfully requests that this Court deny defendant's motion as follows.

PLAINTIFF'S BRIEF

ISSUES

1. This Court has jurisdiction to entertain plaintiff's claims arising out of the hog contract because Hooker submitted these claims to the contracting officer. Hooker has been damaged because the contracting officer breached the contract by delaying any response for almost two years
2. This Court need not decide whether it has jurisdiction to award emotional damages to Hooker because Hooker has not requested them.
3. Hooker has stated a claim for breach of the beaver contract upon which this Court can grant relief.

**ARGUMENT**

1. Hooker properly submitted his claims to the contracting officer on the hog contract. The Contract Disputes Act (CDA) applies to "any express or implied contract…entered into by an executive agency." 41 U.S.C.§602(a) (1994). The Court's jurisdiction is predicated on the contractor's fulfillment of two fundamental requirements: the contractor's submission of a written claim to the contracting officer and the agency's issuance of a final decision. *Rex Sys., Inc. v. United States*, 224 F.3d 1367 (Fed. Cir. 2000). The Federal Acquisition Regulation (FAR) defines a monetary claim as "a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain." 48 C.F.R §33.201(2000). No particular language is required to create a claim under the CDA, as long as the contractor submits to the contracting officer a "clear and unequivocal statement" providing adequate notice of the basis and the amount of the claim. *Cubic Corp. v. United States,* 20 Cl. Ct. 610(1990). The Court held in *Made in the USA v. United States*, 51 Fed. Cl. 252 (2001) that plaintiffs had failed to establish a "clear and unequivocal statement" of the basis of their claim as they had merely written a letter which did not include a claim for damages. Hooker did submit a "clear and unequivocal statement" to the contracting officer on October 1, 2000, (Def. Motion to Dismiss, app. 196,97) October 27, 2000,(Def. Motion to Dismiss, app.209-10) October 27, 2000 (Def. Motion to Dismiss, app. 211-12), April 1, 2002 (Def. Motion to Dismiss, app. 213) and April 8, 2002 (Def. Motion to Dismiss, app. 222). All of these

requests identified the claim and the relief sought in a sum certain. In fact, Hooker carefully followed the certification language contained in the hog contract (Def. Motion to Dismiss, app. 153). Although Hooker carefully prepared his claim as directed in the contract, the contracting officer failed to perform under the contract language. Hooker's claims, although it can be argued they were unrealistic and excessive, were properly certified under the contract language. This same contract language further provides that the contractor must (emphasis supplied) within 60 days, decide the claim or notify the contractor of the date by which the decision will be made. The contracting officer neither decided any of these claims within the 60 day window, nor notified Hooker of the date the decision would be made. Because the contracting officer failed in his duties under the contract to timely respond to the claims, the defendant cannot now raise a jurisdictional argument.

2. Hooker has not claimed damages for emotional distress so this Court need not address this issue. Plaintiff's complaint merely alleges that he has suffered emotional distress due to his increased health concerns over the possibility of exposure to contaminants but does not seek damages for pain and suffering. Compl. Prayer.

3. Hooker has stated a claim for breach of the beaver contract on which this court can grant relief. Hooker does not claim that he suffered increased costs as a result of the alleged contamination. He does allege that the beaver contract was not renewed as a result of his complaints and questions

regarding the contamination. Any possible health effects are presently unascertainable but if the toxicological hazards had been known at the time of contract formation, he would have increased his bid. He also would have worn protective equipment as later required. Hooker has suffered economic damage in that he has sustained medical expenses to test and treat him for possible exposure to contaminants. Defendant was in a position to be aware of these hazards, but instead gave assurances to plaintiff that there were no hazards. A contractor is entitled to rely on the representations and instructions given him by the contracting officer. *Max Drill, Inc. v. United States*, 192 Ct. Cl. 608, 427 F.2d 1233(1970). Plaintiff is not alleging that the contracting officer intentionally misled him in the formation of the contract, but rather that the contract should have been reformed after the facts were known. See *Bromley Contracting Co. v. United States*, 794 F.2d 669 (Fed. Cir. 1986). Defendant argues that "unforeseeable consequential damages cannot be recovered in the Court of Federal Claims" *Pratt v. United States*, 50 Fed. Cl. 469 (2001) (citing *Bohac v. Dep't of Agriculture*, 239 F.3d 1334 (Fed. Cir. 2001). In this instance, Plaintiff's damages are not unforeseeable.

**CONCLUSION**

Plaintiff respectfully requests this Court deny defendant's motion to dismiss plaintiff's complaint.

Respectfully submitted,

s/ Berta E. (Robbie) Nichols, Attorney for Plaintiff
Post Office Box 7925
Hilton Head Isl., South Carolina 29938
(843) 686-5884 (Facsimile (843) 842-3933

October 20, 2003