IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WILLIAM D. HOOKER, d/b/a GEORGIA BOWHUNTERS SUPPLY, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-1501C (Judge Allegra) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE**
**TO DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 7.1(b) of the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States respectfully submits this reply to plaintiff's response to defendant's motion to dismiss. In its motion to dismiss, defendant demonstrated that the Court does not possess jurisdiction to entertain Mr. Hooker's claim arising out of the hog contract because he failed to submit these claims to the contracting officer. Defendant further demonstrated that Mr. Hooker failed to state a claim for breach of the beaver contract because the damages alleged are not proximately caused by the alleged contamination.

In response, Mr. Hooker argues that he certified his claims related to the hog contract and that these claims "identified the claim and the relief sought in a sum certain." Pl. Response at 3. Defendant does not dispute the fact that Mr. Hooker submitted claims related to the hog contract and that these claims were properly certified. Instead, defendant's argument is that the basis for Mr. Hooker's certified claims related to the hog contract (i.e., exposure to toxic hazardous substances, intimidation, discrimination and work performed outside the scope of the contract) are different from the basis for Mr. Hooker's claims related to the hog contract before this Court (i.e., barring two employees from working on the contract, finding that some pigs were domestic,

and delay in issuing the contraband pass). Mr. Hooker, therefore, failed to submit a written claim to the contracting officer regarding the claims that are currently before this Court.

Mr. Hooker argues in his response that defendant cannot now raise jurisdictional arguments because the contracting officer failed to timely respond to his claims. Mr. Hooker fails to provide any support for this contention. To the contrary, subject matter jurisdiction may be challenged at any time by the parties, by the Court sua sponte, or on appeal. Booth v. United States, 990 F.2d 617, 720 (Fed. Cir. 1993); United States v. Newport News Shipbuilding & Dry Dock Co., 933 F.2d 996, 998 n. 1 (Fed. Cir. 1991).

With regard to Mr. Hooker's claims related to the beaver contract, Mr. Hooker admits in his response that he "does not claim that he suffered increased costs as a result of the alleged contamination." Pl. Response at 3. Because Mr. Hooker alleges in his complaint that the Government breached the beaver contract by exposing him and his employees to alleged contamination, Mr. Hooker may recover only damages that are proximately caused by this contamination. See San Carlos Irrigation and Drainage District v. United States, 877 F.2d 957, 959 (Fed. Cir. 1989) ("To recover for breach of contract, a party must allege and establish . . . damages caused by the breach") (emphasis added).

If, as Mr. Hooker contends, he did not suffer increased costs as a result of the alleged contamination, then there is no basis for Mr. Hooker's claim that he would have increased his bid for the contract had he known about the contamination. Moreover, there is no reason to believe that Mr. Hooker would have been awarded the beaver contract if his bid was increased from $45

to $110 per beaver[1] and increased from $18 to $110 per hour for culvert cleaning. Compl. ¶ 27.

Mr. Hooker claims $80,700 in damages for the initial contract and $80,700 for the option year. Compl. ¶ 31. The amount of $80,700 reflects the difference between $45 and $110 for each beaver multiplied by 700 beavers, and the difference between $18 and $110 per hour multiplied by 1,100 hours for the culvert cleaning. The task order purchased trapping of 700 beavers and 1,100 hours of culvert cleaning. App. 184. Mr. Hooker does not claim as damages the amount owed pursuant to the task order, which was $51,300, App. 184, but seeks the difference between the price he was paid and the amount that he believes he should have been paid. Because this amount is not based on actual increased costs as a result of the alleged contamination, the damages as alleged by Mr. Hooker was not caused by the breach of the contract, the alleged contamination. Mr. Hooker, therefore, has failed to state a claim for breach of the beaver contract.

For the foregoing reasons and as more fully stated in defendant's motion to dismiss filed on September 17, 2003, defendant respectfully requests the Court to dismiss the complaint

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

---

[1] Paragraph 27(b) states: "If Hooker had known that he and his employees would be working in contaminated areas without protection, his bid of $55.00 per hog would have been increased to $110 per hog." Compl. ¶ 27(b). This provision contains two errors. First, the paragraph should refer to beavers, not hogs. Second, paragraph 23 states that the unit price per beaver was $45. Compl. ¶ 23.

s/ Todd M. Hughes

TODD M. HUGHES
Assistant Director

s/ Nancy M. Kim

NANCY M. KIM
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice, 8th Floor
Attn: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, D.C. 20530
Tel:(202) 514-7300

November 3, 2003

Attorneys for Defendant