# In the United States Court of Federal Claims

No. 03-1501

(Filed: February 25, 2004)

This Opinion Will Not Be Published in the U.S. Court of Federal Claims Reporter Because It Does Not Add Significantly to the Body of Law.

| | |
|---|---|
| | * |
| WILLIAM D. HOOKER, d/b/a GEORGIA BOWHUNTERS SUPPLY, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |

**OPINION**

**ALLEGRA, Judge:**

This government contract case is before the court on defendant's motion to dismiss under RCFC 12(b). For the reasons that follow, the court **GRANTS, in part, and DENIES, in part**, that motion.

This case actually involves two distinct contracts: On October 29, 1997, plaintiff, William D. Hooker, d/b/a Georgia Bowhunters Supply ("Mr. Hooker"), was awarded a contract by the United States Department of Agriculture Forest Service ("the Forest Service") to control the hog population in an area of South Carolina known as the Savannah River Site. On January 12, 1999, Mr. Hooker secured another contract with the Forest Service to perform work, at or near the same location, trapping beavers and maintaining the cleanliness of certain culvert outlets and inlets. On June 17, 2003, Mr. Hooker filed a complaint in this court under the Contract Disputes Act ("CDA"), 41 U.S.C. § 601, *et seq.*, seeking a stated total of $120,400.00, in part as an equitable adjustment of those contracts.

The court will review briefly the alleged facts involving the two contracts in question.[1]

[1] In reviewing the sufficiency of the complaint pursuant to a motion to dismiss, this court must presume that the factual allegations included in the complaint are true. *Scheuer v. Rhodes*, 416 U.S.

Mr. Hooker's hog control contract with the Forest Service began on October 30, 1997. The contract was for one year, but contained two one-year options, at least one of which was exercised. On June 30, 1999, Mr. Hooker's contracting officer, Homer Gabard, informed Mr. Hooker that he was in default. Mr. Hooker alleges that three events prevented him from fulfilling his contractual obligations: (i) the contracting officer inappropriately barred two of his employees from working under the contract; (ii) the contracting officer improperly deducted $1,320.00 from future payments because some of the pigs captured by Mr. Hooker and his employees were domestic rather than feral; and (iii) the Forest Service was responsible for a delay in issuing contraband passes necessary for Mr. Hooker and his employees to use firearms in dispatching the hogs, as called for in the contract.

For the beaver trapping and culvert cleaning contract, which began on February 1, 1999, Mr. Hooker was to be paid a set amount for each beaver caught, and another set amount for each hour of culvert cleaning. The contract specified that performance of the required work would not entail exposure to any toxicological hazards; but, the complaint alleges that the site was contami-nated. As a result, Mr. Hooker maintains, he is entitled to damages stemming from the Forest Service's breach of contract. The complaint asserts that after Mr. Hooker made numerous complaints and inquiries about his possible exposure to contaminants, the Forest Service failed to exercise the remaining options on the beaver trapping and culvert cleaning contract.

On September 17, 2003, defendant filed a motion to dismiss plaintiff's complaint for lack of jurisdiction and failure to state a claim. Plaintiff filed its response on October 30, 2003, and defendant filed its reply on November 3, 2003. Oral argument on defendant's motion was held on February 20, 2004, in Washington, DC.

As to the hog contract portion of plaintiff's complaint, defendant is correct that Mr. Hooker has failed to satisfy the CDA's jurisdictional requirement of first submitting his written claim to the contracting officer for determination. *See* 41 U.S.C. § 605(a). It is black-letter law that a plaintiff cannot bring a CDA action in this court if his claims were not first presented to the appropriate contracting officer and then either denied or deemed denied. 41 U.S.C. § 605(a); *see James E. Ellett Constr. Co. v. United States*, 93 F.3d 1537, 1541-42 (Fed. Cir. 1996). The Federal Circuit has clarified that, in this regard, a plaintiff may not raise new claims that were not previously presented and certified to the contracting officer. *See, e.g., Santa Fe Eng'rs, Inc. v. United States*, 818 F.2d 856, 858 (Fed. Cir. 1987); *J.F. Shea Co. v. United States*, 4 Cl. Ct. 46, 54 (1983). Likewise, a contractor's claim must provide the contracting officer with adequate notice of the alleged basis or rationale for that claim. *See Scott Timber Co. v. United States*, 333 F.3d 1358, 1365-66 (Fed. Cir. 2003); *Contract Cleaning Maintenance, Inc. v. United States*, 811 F.2d 586, 592 (Fed. Cir. 1987); *Cubic Corp. v. United States*, 20 Cl. Ct. 610, 616 (1990). Having carefully compared

232, 236 (1974); *Ontario Power Generation, Inc. v. United States*, 54 Fed. Cl. 630, 631 n.1 (2002).

plaintiff's complaint with the claims he previously filed with the contracting officer,[2] the court finds that Mr. Hooker did not raise in his claims to the contracting officer the theories that he now has presented to this court. Consequently, the court has no jurisdiction over this portion of plaintiff's complaint, and must dismiss it.

Regarding the beaver trapping and culvert cleaning contract, the complaint presents essentially two separate claims. First, it alleges that defendant breached the contract by exposing plaintiff to contaminated water and that various unspecified damages flowed from that breach. Second, the complaint seems to assert that the government's failure to exercise the contract option was due to Mr. Hooker's numerous protestations and inquiries about the possibility of contamination. The government has moved to dismiss this segment of Mr. Hooker's complaint not for lack of jurisdiction, but rather for failure to state a claim for which relief can be granted. It is common ground that a complaint should not be dismissed for failure to state a claim for which relief can be granted unless there are no alleged facts that would entitle plaintiff to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Concerning the first of these two allegations, although it is undisputed that plaintiff's complaint alleges that there was a contract and a breach of a duty arising out of that contract, the law clearly requires that a complaint also plead the existence of damages resulting from the alleged breach. *See, e.g., Hercules, Inc. v. United States*, 24 F.3d 188, 197 (Fed. Cir. 1994); *San Carlos Irrigation and Drainage Dist. v. United States*, 877 F.2d 957, 959 (Fed. Cir. 1989). Plaintiff's complaint can liberally be construed as meeting this requirement, requiring this court to deny defendant's motion to dismiss. However, the court believes that it would be beneficial to have plaintiff clarify what damages flowed from the alleged breach of the contract. Accordingly, the court will permit plaintiff to file an amended complaint to state more clearly how the alleged exposure to contaminants resulted in damages.[3]

The court also encounters some difficulty in interpreting Mr. Hooker's allegation involving the unexercised option. Although the complaint's language could be read as alleging the Forest Service acted in bad faith in choosing not to exercise the contract's option – a position readily adopted by plaintiff's counsel at oral argument – it does not specifically state this. To be sure, the government's failure to exercise an option does not, in the ordinary case, give rise to a breach of contract action.

---

[2] Although, as noted, the court is required to construe allegations in a complaint favorably towards plaintiff, the settling of a jurisdictional dispute may, at times, require the introduction of additional evidence outside of the pleadings. *See Indium Corp. of America v. Semi-Alloys, Inc.*, 781 F.2d 879, 884 (Fed. Cir. 1985). Defendant filed, together with its motion to dismiss, an appendix containing various documents relevant to whether this court has jurisdiction in this matter, including the claims filed by plaintiff with the contracting officer.

[3] Plaintiff is forewarned that unforeseeable consequential damages are, as a matter of law, unrecoverable in this court. *See Pratt v. United States*, 50 Fed. Cl. 469, 482 (2001) (*citing Bohac v. Dep't of Agriculture*, 239 F.3d 1334, 1339 (Fed. Cir. 2001)).

*See, e.g., Gov't Sys. Advisors, Inc. v. United States*, 847 F.2d 811, 813 (Fed. Cir. 1988) (acknowledging the government's freedom to choose not to exercise an option); *Fields v. United States*, 53 Fed. Cl. 412, 419 (2002) (holding that failure to exercise option was not a breach of contract). However, this rule does not apply if the government's failure to exercise an option is attributable to bad faith. *See Hi-Shear Tech. Corp. v. United States*, 53 Fed. Cl. 420, 436 (2002), *aff'd*, 2004 WL 187144 (Fed. Cir. Feb. 2, 2004) (citing support for this proposition while ultimately concluding bad faith was not established); *Ho v. United States*, 49 Fed. Cl. 96, 107 (2001); *Continental Collection & Disposal, Inc. v. United States*, 29 Fed. Cl. 644, 650-53 (1993). A complaint asserting bad faith, although necessarily poised for a difficult battle on the merits, thus would, in this case, be sufficiently cognizable to survive defendant's motion to dismiss for failure to state a claim. As discussed at oral argument, plaintiff intends to file an amended complaint that makes this assertion more clearly.

In accordance with the foregoing:

1. Defendant's motion to dismiss plaintiff's complaint is hereby **GRANTED, in part, and DENIED, in part**.

2. Paragraphs 5 through 22 of plaintiff's complaint, relating to the subject hog contract, are hereby **DISMISSED**, without prejudice, for lack of jurisdiction.[4]

3. Defendant's motion to dismiss the remainder of plaintiff's complaint is hereby **DENIED**. However, on or before March 19, 2004, plaintiff shall file an amended complaint in this case addressing, at the least, the two matters cited above.

4. The filing of an answer in response to this amended complaint is stayed until further order of the court. Instead, on or before April 2, 2004, the parties shall file a joint status report indicating how this case should proceed.

**IT IS SO ORDERED**.

s/Francis M. Allegra
Francis M. Allegra
Judge

---

[4] In the event Mr. Hooker is able, under the statute of limitations, to file a new claim with the contracting officer raising issues with respect to the hog contract, and assuming that claim is denied or deemed denied, plaintiff may file a second complaint raising issues with respect to the hog contract. The Clerk is ordered to waive the filing fee on such a complaint and to assign that matter to this judge. To facilitate this, plaintiff shall attach a copy of this opinion to such a newly-filed complaint, together with a notice of a directly-related case under RCFC 40.2.