IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WILLIAM D. HOOKER, d/b/a GEORGIA BOWHUNTERS SUPPLY, Plaintiff, | ) | |
| v. | ) | No. 03-1501C (Judge Allegra) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

For its answer to the First Amended Complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact they are denied.

2. Admits that defendant awarded Contract No. 53-4660-9-06 ("contract") to plaintiff. The remaining allegations contained in paragraph 2 are plaintiff's characterization of its case to which no answer is required; to the extent they may deemed allegations of fact they are denied. Avers that the correct contract date is January 22, 1999.

3. The allegations contained in paragraph 3 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact they are denied.

4. Admits the allegations contained in paragraph 4 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies all other allegations contained in paragraph 4.

5. Admits that plaintiff's action was filed on June 17, 2003. The remaining allegations in paragraph 5 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact they are denied. Avers that the opinion granting the motion was issued on February 25, 2004.

6. Admits the allegations contained in the first sentence of paragraph 6 that plaintiff held contracts with the United States Forest Service ("USFS") from 1992-1994 and from 1996 through 1999, so denies. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff held a contract with the USFS in 1995. As to the remaining allegations contained in paragraph 6, the contract is the best evidence of its contents; otherwise denies all other allegations.

7. Admits the allegations contained in paragraph 7 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies all other allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies all other allegations contained in paragraph 8.

9. Admits that plaintiff was presented with a work clearance permit on February 22, 1999. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9, so denies.

10. Admits the allegations contained in paragraph 10 to the extent supported by the permit cited, which is the best evidence of its contents; otherwise denies all other allegations contained in paragraph 10.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 11, so denies. Denies all other allegations contained in paragraph 11.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, so denies.

13. Denies the allegations contained in paragraph 13 that plaintiff made a formal request for an increase in contract price due to the need to hire RAD II trained workers and that the request was denied by the contracting officer. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13, so denies.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14, so denies.

15. Denies.

16. The allegations contained in paragraph 16 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact they are denied.

17. The allegations contained in paragraph 17 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact they are denied.

18. The allegations contained in paragraph 18 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact they are denied.

19. The allegations contained in paragraph 19 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact they are denied.

20. Defendant's responses to paragraphs 1-19 of the complaint are incorporated by reference.

21(first). The allegations contained in the first paragraph 21 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact they are denied.

21(second). The allegations contained in the second paragraph 21 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact they are denied.

22. The allegations contained in paragraph 22 are conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact they are denied.

23. Admits the allegations contained in paragraph 23 to the extent supported by the document cited, which is the best evidence of its contents. Otherwise denies all other allegations contained in paragraph 23. Specifically denies that the report was published by USFS. Avers that the report was presented at the National Institute for Occupational Safety and Health briefing at the conclusion of the investigation into Mr.

Hooker's claims of exposure to contamination. Avers that the document fails to report an accurate number for beavers trapped in November 1999.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24, so denies.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25, so denies.

26. Denies.

27. Denies that plaintiff is entitled to the relief requested or to any relief whatsoever.

28. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

29. Plaintiff's claims are barred, in whole or in part, due to accord and satisfaction.

30. Plaintiff's claims are barred, in whole or in part, due to payment.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Todd M. Hughes
TODD M. HUGHES
Assistant Director

Of Counsel:

Mark Simpson
Office of General Counsel
Department of Agriculture
1718 Peachtree Rd., Ste 576
Atlanta, GA 30309-2409

Lucy Knowles
Savannah River Operations Office
P.O. Box A
Aiken, SC 29802

September 7, 2004

s/ Lindsay Williams
LINDSAY WILLIAMS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Phone: (202) 353-7995
Fax: (202) 514-8624

Attorneys for Defendant