# In The United States Court of Federal Claims

Nos. 03-1501C, 04-1126C

(Filed: August 26, 2005)

WILLIAM D. HOOKER, d/b/a,
GEORGIA BOWHUNTERS SUPPLY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

## ORDER

On January 10, 2005, defendant filed a partial motion to dismiss certain of plaintiff's claims. On February 5, 2005, plaintiff filed its response to that motion, and on February 24, 2005, defendant filed its reply to that response.

On July 29, 2005, the court held oral argument on defendant's motion. Participating for plaintiff was Berta Nicols; participating for defendant was Lindsay Williams. Based upon the parties' submissions and the arguments presented to the court, defendant's partial motion to dismiss is hereby **GRANTED**, in part, and **DENIED**, in part.

As a threshold matter, the court notes that defendant's motion, although captioned as a motion to dismiss under RCFC 12(b)(1) and 12(b)(6), is more a motion for summary judgment, and attaches a substantial appendix containing matters outside the pleadings. Rule 12(b) provides that, respecting a motion to dismiss for failure to state a claim, if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided for in RCFC 56." The decision whether to convert a motion under Rule 12(b)(6) to a motion under Rule 56 "is a matter left entirely to the court's discretion." *Hometown Financial Inc. v. United States*, 56 Fed. Cl. 477, 478 n.1 (2003); *see also American Heritage Bancorp v. United States*, 56 Fed. Cl. 596, 604 (2003); Wright & Miller, 5A Fed. Prac. & Proc. Civ. 2d §1366 (2002) ("the court has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion," citing numerous cases).

Here, the court concludes that most of defendant's appendix must be excluded and its motion considered only as a motion to dismiss. Plaintiff seeks, but has not yet been permitted, discovery on a number of issues central to its claims. In the face of what appear to be significant fact questions, consideration of a motion for summary judgment at this stage in the litigation would be, in the court's view, unfair and premature. Accordingly, except to the extent that materials in the appendix relate to jurisdictional matters, *see* RCFC 12(b)(1), the court deems that material stricken from the record. To the extent that arguments presented by defendant's motion to dismiss on 12(b)(6) are predicated upon the materials in its appendix, those arguments must necessarily fail.

Turning then to the merits of defendant's motion to dismiss (which were also discussed at the oral argument in this matter):

With regard to plaintiff's claim for additional costs incurred in performing the contract (*see* Complaint in No. 04-1126C, at ¶¶ 19-23) defendant's motion to dismiss for lack of subject matter jurisdiction is hereby **GRANTED**. In its response to defendant's motion, plaintiff concedes that the court lacked subject matter jurisdiction over its claim because that claim has never been properly submitted to the contracting officer. As such, this claim must be dismissed, albeit without prejudice.

With regard to plaintiff's claims for reformation of the contract and for breach of the implied covenant of good faith and fair dealing, defendant's motion to dismiss for failure to state a claim is hereby **DENIED**. The court finds that the allegations regarding these claims in plaintiff's complaint adequately state a claim upon which relief could be granted.

The remaining portions of defendant's motion to dismiss rely, in whole or in part, on materials that have been excluded. That portion of defendant's motion is hereby **DENIED**.

On August 15, 2005, the parties, pursuant to this court's order, filed a joint status report setting forth an agreed plan for conducting discovery in this case. The court will issue an order regarding scheduling in this matter in the near future.

**IT IS SO ORDERED**.

s/ Francis M. Allegra
Francis M. Allegra
Judge