IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WILLIAM D. HOOKER, d/b/a<br>GEORGIA BOWHUNTERS SUPPLY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Nos. 03-1501C, 04-1126C<br>(Judge Allegra) |

DEFENDANT'S MOTION FOR AN
ENLARGEMENT OF TIME WITHIN WHICH TO CONDUCT DISCOVERY

Pursuant to Rule 6(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant respectfully requests a 60-day enlargement of time, to and including March 17, 2005, within which to conduct fact discovery in this case. Pursuant to this Court's order of November 28, 2005, fact discovery is scheduled to end January 16, 2005. This is defendant's second request for an enlargement of time for this purpose, the Court having previously granted a joint motion for a 30 day enlargement of time. Defendant contacted plaintiff through his counsel to determine whether he would oppose this motion, she indicated that he opposes this motion.

This enlargement is necessary because the parties are currently engaged in a dispute over discovery. Defendant, as described below, has attempted, unsuccessfully, to resolve this dispute with plaintiff. As a result, defendant will file a motion to compel no later than January 20, 2006.

On October 17, 2005, the Government received plaintiff's discovery requests. On October 31, 2005, plaintiff received defendant's requests. The parties agreed to provide discovery responses no later than December 5, 2005, as the parties had scheduled depositions

December 7 and 8, 2005.

On December 5, 2005, the undersigned received plaintiff's discovery responses, yet the responses were insufficient. Plaintiff had responded to only 11 of 30 interrogatories, with many of the responses stating that plaintiff was unable to respond to the interrogatory until after depositions had taken place. Additionally, plaintiff provided almost no documentation whatsoever in response to defendant's requests for document production.

The undersigned contacted plaintiff's counsel on December 5, 2005, by telephone informing plaintiff's counsel that the discovery responses were insufficient. That same day, the undersigned sent a letter to plaintiff's counsel in a good faith attempt to resolve the discovery dispute, requesting that plaintiff provide complete responses no later than December 9, 2005. Additionally, the undersigned informed plaintiff's counsel that while defendant would proceed to depose plaintiff's witnesses on December 6 and 7, defendant would keep the depositions open to continue at a later date, once plaintiff properly responded to defendant's discovery requests. Plaintiff agreed.

On December 12, 2005, plaintiff provided supplemental responses to defendant's first set of interrogatories and requests for document production. Defendant received them on December 22, 2005. Plaintiff's supplemental responses provided answers to 25 of the 30 interrogatories, yet once again the responses were insufficient. Many of the responses simply stated that plaintiff was unable to respond to the interrogatory without further information, yet plaintiff failed to identify the information to which it was referring. Other responses were vague or incomplete. Additionally, plaintiff once again provided almost no documentation in response to defendant's requests for document production.

On January 3, 2006, the undersigned sent a second letter to plaintiff's counsel in a good

faith attempt to resolve this dispute, informing plaintiff that the responses were insufficient, identifying why they were insufficient, and requesting complete responses by January 13, 2006.

On January 13, 2006, plaintiff responded to defendant's January 6, 2006 letter, indicating that she will not provide further responses to the Government's discovery requests.

Thus, the additional time is necessary for the resolution of the discovery dispute, for the Government to obtain proper responses to its interrogatories, to review those responses, and to complete the depositions of plaintiff's witnesses. As stated before, defendant will file a motion to compel no later than January 20, 2006.

For the foregoing reasons, the parties respectfully request that the Court grant defendant's motion for an enlargement of time.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Todd M. Hughes
TODD M. HUGHES
Assistant Director

s/ Lindsay Williams
LINDSAY WILLIAMS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street NW
Phone: (202) 353-7995
Fax: (202) 514-8624

January 13, 2006

Counsel for Defendant