**U.S. Department of Justice**

Civil Division

FILE COPY

DMC:TMH:LWilliams
DJ No. 154–03-1501; 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

Telephone: (202) 353-7995
Facsimile: (202) 514-8624

*Washington, D.C. 20530*

October 26, 2005

VIA FIRST CLASS MAIL

Berta Nichols
P.O. Box 7925
Hilton Head Island, SC 29938

Re: Hooker v. United States, Fed. Cl. Nos. 03-1501 and 04-1126

Dear Ms. Nichols:

Enclosed is a copy of "Defendant's First Set Of Interrogatories And First Request For Production Of Documents."

Very truly yours,

Lindsay E. Williams
Trial Attorney
Commercial Litigation Branch
Civil Division

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WILLIAM D. HOOKER, d/b/a GEORGIA BOWHUNTERS SUPPLY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | Nos. 03-1501C, 04-1126<br>(Judge Allegra) |

**DEFENDANT'S FIRST SET OF INTERROGATORIES**
**AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26, 33 and 34 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant requests that plaintiff answer under oath the following written interrogatories, separately and fully in writing, and respond to defendant's requests for production of documents, within thirty (30) days from the date of service.

These interrogatories and production requests shall be deemed continuing, so as to require supplemental response(s) if plaintiff obtains additional information and/or discovers additional documents after service of its original response. Such supplemental responses shall be served from time to time, but not later than 10 days after such additional information has been obtained.

**DEFINITIONS AND INSTRUCTIONS**

**DEFINITIONS**

A. The terms, "plaintiff," "you," "yourself," "your," and like terms refers to William D. Hooker, d/b/a GEORGIA BOWHUNTERS SUPPLY, and its present or former officers,

employees, agents, attorneys or representatives and every person connected with plaintiff in connection with the matter at issues in this action.

B. "Person" and "individual" means and includes natural persons, partnerships, corporations, associations, or any other kind of entity recognized by law, and their employees or independent contractors.

C. "Documents" refers to all writings, tapes, recordings, graphic representations, drawings or printed materials of any kind whatsoever, specifically including electronic media of any kind, however produced, or reproduced that are now or have ever been in your possession or whose existence is or was ever known to you, including but not limited to: correspondence, letters, notes, memoranda, electronic messages or mail, invoices, bills, written estimates, contracts, agreements of any kind, shipping or receiving documents, diagrams, drawings, designs, books, articles, or extracts from any of the foregoing, any drafts of the above, or any other tangible things containing information. If a document responsive to any interrogatory or production request was, but no longer is, in your possession and control, describe in detail the contents of the documents, its date of creation and disposition, and its present location and custodian.

D. The term "complaint" refers to the pleading(s) filed by plaintiff on July 7, 2004, to commence case number 04-1126C, and any subsequently amended versions. The term "amended complaint" refers to the pleading(s) filed by plaintiff on March 16, 2003, to commence case number 03-1503C and any subsequently amended versions.

E. The terms "identity" or "identify" shall have the following meanings:

(1) When used in reference to an organization, the response shall state the full name and present or last known address of the corporation, partnership, firm or other entity.

(2) When used in reference to an individual, the response shall state his or her full name, present or last known address, present or last known business affiliation and job description, and any past or present affiliation with plaintiff or defendant.

(3) When used in reference to a document, the response shall state the type of document (e.g., memorandum, letter, note, contract), its date, author(s), addressee(s) (if any), synopsis of content, and present location. In lieu of providing this information, plaintiff may attach a copy of the document to its answers.

(4) When used in reference to a source of information, the response shall identify each individual providing information. The response shall also state whether the information has been reduced to writing or other tangible form. If so, this writing or other record shall be identified in the manner described in subparagraph (3) above.

(F) "Describe in detail" or "state in detail" as used herein, means the following:

(1) Describe fully be reference to underlying facts rather than ultimate facts or conclusions of law or facts.

(2) Particularize as to:

(a) the identity of each person involved in each such event, including, but not limited to persons employed by plaintiff and those persons purporting to act for plaintiff;

(b) the specific acts of each person participating in each such event;

(c) the date and time of such event;

(d) the address and location of such event; and

(e) the identity of each person present during each such event.

G. "Hog Contract" means Contract No. 53-4660-8-04 awarded to William D. Hooker, d/b/a GEORGIA BOWHUNTERS SUPPLY, by the United States Department of Agriculture Forest Service ("Forest Service") to control the wild hog population on the Savannah River Site ("SRS") by trapping and use of trained dogs. "Beaver Contract" means Contract No. 53-4660-9-06 awarded to William D. Hooker, d/b/a GEORGIA BOWHUNTERS SUPPLY, by the Forest Service to trap beaver and maintain culvert outlets and inlets on the SRS in accordance with specifications.

H. "Contractor" means William D. Hooker, d/b/a GEORGIA BOWHUNTERS SUPPLY, and present or former officers, employees, agents, attorneys, or representatives and every person connected with it in connection with the matter at issue in this action.

I. The word "explain" means to state with specificity each and every fact, ultimate fact, particular circumstances, incident, act, omission, detail and event which relates to the reference, contention or response.

J. The word "substantiate" means: to identify each document and/or communication, including each and every provision of the contract, upon which you rely in making reference, contention, or response, and to state any other facts relating to the reference, contention or response.

K. "Relating to" means containing, constituting, discussing, describing, identifying, referring to, supporting, explaining, contradicting, or in any way pertaining to the subject specified.

L. Should you claim privilege for any documents about which information is requested for any of the following interrogatories or production requests, describe those documents, in the manner described above, and indicate your claim of privilege and give the grounds upon which your claim of privilege rests.

M. If you object to or otherwise decline to answer any portion of an interrogatory, please provide all information called for by that portion of the interrogatory to which you do not object or to which you do not decline to answer. If you object to an interrogatory on the ground that it is too broad (i.e., that it calls both for information which is relevant to the subject matter of the action and information which is not), please provide the information that is relevant. If you object to an interrogatory on the ground that to provide an answer would constitute undue burden, please provide all requested information that can be supplied without undertaking an undue burden. For those portions of an interrogatory to which you object or otherwise decline to answer, state the reason for such objection or declination.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each individual who participated in preparing any of the responses to these interrogatories, including, but not limited to, drafting, discussing, commenting upon, or supplying information for use in any of the responses. For each such individual, identify which interrogatory response or portion of a response with which the individual was involved, and describe the extent and nature of his or her involvement, including the basis for the individual's participation -- e.g. personal knowledge of the event in question, or review of documents in connection with the individual's duties in his or her employment by plaintiff.

**INTERROGATORY NO. 2:**

Identify the name, current address, current telephone number, and employer of each and every person who prepared, assisted, reviewed, or commented upon the plaintiff's offer, proposal, bid, or quotation for the award of the contracts and for each person describe in detail:

a) the specific nature of their participation and review; and

b) the employer of the person at the time he or she worked upon the proposal.

**INTERROGATORY NO. 3:**

Identify the name, current address, current telephone number, and employer of each and every person who prepared, assisted, reviewed, or commented upon the offer(s), proposal(s), bid(s), or quotation(s) of the subcontractor(s), supplier(s), and equipment rental(s) and purchase(s) for the contracts at issue, and for each person describe in detail:

a) the specific nature of their participation and review; and

b) the employer of the person at the time he or she worked upon the proposal.

**INTERROGATORY NO. 4:**

State the following information for each person that you expect to call as an expert witness in the trial of this case:

(a) Name;

(b) Business address and business telephone number;

(c) Describe in detail the expert's educational background including all schools of higher education attended and when, all degrees earned and when, and all honorary or other awards conferred and when;

(d) Describe in detail the expert's experience in the subject area about which the expert is expected to testify;

(e) State the subject matter about which the expert is expected to testify;

(f) State the substance of the facts and opinions about which the expert is expected to testify;

(g) Provide a summary of the grounds for each of the expert's opinions;

(h) Identify all documents the expert has reviewed in connection with his work as an expert witness;

(I) Identify all documents that have been prepared by the expert, under the expert's supervision, and/or pursuant to the expert's direction in connection with his work as an expert witness;

(j) Identify all documents the expert will rely upon in giving testimony at deposition and/or at trial; and

(k) Identify all court and administrative agency cases in which the expert has given testimony and state whether the testimony was given on behalf of plaintiff or defendant.

**INTERROGATORY NO. 5:**

State whether you rely, or intend to rely, in this litigation, either in whole or in part, upon any investigation, review, or audit, whether conducted for you, by you, or for or by someone else. If so, as to each such investigation, review, or audit:

(a) state the name or other identification of such investigation, review, or audit;

(b) state the date it was made;

(c) state the reason it was made;

(d) state whether any record or report was made of it and, if so, identify that record or report; and

(e) identify the person or organization conducting the investigation, review, or audit.

**INTERROGATORY NO. 6:**

Identify any document(s) relating, referring, or regarding the subject of your complaint and amended complaint known to you to be missing, destroyed, or otherwise disposed of and, for each document identified, state the disposition made of each document, the person last known to have the document in his or her possession or subject to his or her control, and identify each person you have reason to believe had knowledge of its contents or received a copy of such document.

**INTERROGATORY NO. 7:**

Describe in detail the factual and legal basis for your contention, contained in paragraph 9 of the complaint, that hogs were dispatched while on the SRS property, were running wild, and were within the definition of wild or feral hogs under the contract, and provide the names, addresses, current employers and phone numbers of all persons who witnessed or have knowledge related to this contention, identify all documents that substantiate this contention, and produce all documents that relate in any way to this interrogatory.

**INTERROGATORY NO. 8:**

Describe in detail the factual and legal basis for your contention, contained in paragraph 10 of the complaint, that the Government's withholding of $1,320.00 due to non-conformance to contract specifications and refusal to pay subsequent invoices constituted a breach of the terms of the Hog Contract, and provide the names, addresses, current employers and phone numbers of all persons who witnessed or have knowledge related to this contention, identify all documents that substantiate this contention, and produce all documents that relate in any way to this interrogatory.

**INTERROGATORY NO. 9**:

Describe in detail the factual and legal basis for your contention, contained in paragraph 12 of the complaint, that as a consequence of losing two employees, plaintiff was unable to perform the Hog Contract, had to purchase dogs and other equipment to complete the contract, and hire new employees and provide the names, addresses, current employers and phone numbers of all persons who witnessed or have knowledge related to this contention, identify all documents that substantiate this contention, and produce all documents that relate in any way to this interrogatory. In answering, state specifically what tasks plaintiff was unable to perform, the dates and for what amounts plaintiff purchased dogs, and the dates and at what rates plaintiff hired new employees.

**INTERROGATORY NO. 10:**

State whether plaintiff submitted a bid for the hog contracts referred to in paragraph 14 of the complaint and provide the names, addresses, current employers and phone numbers of all persons who witnessed or have knowledge related to this contention, identify all documents that substantiate this contention, and produce all documents that relate in any way to this interrogatory. If you answered affirmatively, please provide copies of the bid(s).

**INTERROGATORY NO. 11:**

Describe in detail the factual and legal basis for your contention, contained in paragraph 15 of the complaint, that the removal of "these employees" constituted a breach of the contract terms and provide the names, addresses, current employers and phone numbers of all persons who witnessed or have knowledge related to this contention, identify all documents that substantiate this contention, and produce all documents that relate in any way to this interrogatory.

**INTERROGATORY NO. 12:**

Describe in detail the factual and legal basis for your contention, contained in paragraph 17 of the complaint, that the contracting officer "lost" the paperwork for Hooker's contraband pass, which prevented plaintiff from obtaining a gun permit to dispatch hogs under the contract and prevented plaintiff from performing under the contract during this time and provide the names, addresses, current employers and phone numbers of all persons who witnessed or have knowledge related to this contention, identify all documents that substantiate this contention, and produce all documents that relate in any way to this interrogatory.

**INTERROGATORY NO. 13:**

Describe in detail the factual and legal basis for your contention, contained in paragraph 18 of the complaint, that the Government's alleged loss of plaintiff's contraband pass constituted a breach of the contract and that plaintiff should be compensated for his lost income during this breach, and identify all persons who prepared, assisted, reviewed, or commented upon the information contained in this response, identify all documents that substantiate the information contained in this response, and produce all records that relate in any way to this interrogatory.

**INTERROGATORY NO. 14:**

State specifically what areas of the SRS property plaintiff hunted hogs and trapped beavers and for each area identified, state what time frame the plaintiff hunted hogs and trapped beavers in that area.

**INTERROGATORY NO. 15:**

Describe in detail the factual and legal basis for your contention, contained in paragraph 20 of the complaint, that plaintiff became aware that it had been working in contaminated areas such as Par Pond and requested an adjustment in the contract price, and identify all persons who prepared, assisted, reviewed, or commented upon the information contained in this response, identify all documents that substantiate the information contained in this response, and produce all records that relate in any way to this interrogatory. In answering, state specifically what the phrase "became aware" means.

**INTERROGATORY NO. 16:**

Describe in detail the factual and legal basis for your contention, contained in paragraph 23 of the complaint, that plaintiff is entitled to a readjustment to the contract price in light of the possible exposure to contamination in Par Pond, and identify all persons who prepared, assisted, reviewed, or commented upon the information contained in this response, identify all documents that substantiate the information contained in this response, and produce all records that relate in any way to this interrogatory.

**INTERROGATORY NO. 17:**

Describe in detail the factual and legal basis for your contention, contained in paragraphs 28 and 29 of the complaint, that the Government breached the Hog Contract by not exercising its option under the Hog Contract, and identify all persons who prepared, assisted, reviewed, or commented upon the information contained in this response, identify all documents that substantiate the information contained in this response, and produce all records that relate in any way to this interrogatory.

**INTERROGATORY NO. 18:**

Explain in detail the legal and factual basis for your contention, contained in paragraph 29 of the complaint, that you have been damaged in the amount of $55,000, and identify all witnesses and documents that support your contention.

**INTERROGATORY NO. 19:**

Describe in detail the factual and legal basis for your contention, contained in paragraph 32 of the complaint, that you believe the Government's actions were taken in bad faith and with specific intent to injure you economically and punish you for your concerns about the negligence of the Government, and identify all persons who prepared, assisted, reviewed, or commented upon the information contained in this response, identify all documents that substantiate the information contained in this response, and produce all records that relate in any way to this interrogatory.

**INTERROGATORY 20:**

Identify the sums referred to in paragraphs A, B, C, D, E, and F of the complaint, and identify all witnesses and documents that support your contentions.

**INTERROGATORY 21:**

Describe in detail the factual and legal basis for your contention, contained in paragraph 10 of the amended complaint, that the work clearance permit presented to you by the Government on or about February 22, 1999, required you to be RAD II qualified, have a standby person, wear protective equipment, and rinse off waders and lay them on plastic for a Radiological Control Organization survey, and identify all persons who prepared, assisted, reviewed, or commented upon the information contained in this response, identify all documents that substantiate the information contained in this response, and produce all records that relate in any way to this interrogatory.

**INTERROGATORY 22:**

Describe in detail the factual and legal basis for your contention, contained in paragraph 12 of the amended complaint, that plaintiff investigated and found that at least one pond it had worked in without protection since the beginning of the Beaver Contract had been posted as contaminated, and identify all persons who prepared, assisted, reviewed, or commented upon the information contained in this response, identify all documents that substantiate the information contained in this response, and produce all records that relate in any way to this interrogatory.

**INTERROGATORY NO. 23:**

Identify the sites referred to in paragraph 14 of your complaint and state the dates upon which you hunted hog or trapped beaver at these sites.

**INTERROGATORY NO. 24:**

Describe in detail the factual and legal basis for your contention, contained in paragraph 15 of the amended complaint, that you believe the Government "became aware" of Mark Lubert video taping an allegedly contaminated site, and identify all persons who prepared, assisted, reviewed, or commented upon the information contained in this response, identify all documents that substantiate the information contained in this response, and produce all records that relate in any way to this interrogatory. In answering, identify who "became aware" of the videotaping, what "became aware" means, and the site that Mark Lubert video taped.

**INTERROGATORY 25:**

Describe in detail the factual and legal basis for your contention, contained in paragraph 16 of the amended complaint, that after July 21, 1999, all culvert cleaning was stopped, that you were only allowed to trap one site, and that for the remained of the contract term, you were only given three additional work orders, and identify all persons who prepared, assisted, reviewed, or commented upon the information contained in this response, identify all documents that substantiate the information contained in this response, and produce all records that relate in any way to this interrogatory.

**INTERROGATORY NO. 26:**

Explain in detail the legal and factual basis for your contention, contained in paragraph 18, that you have been damaged in the amount of $80,000, and identify all witnesses and documents that support your contention.

**INTERROGATORY NO. 27:**

Explain in detail the legal and factual basis for your contention, contained in paragraph 19 of the amended complaint, that you have suffered consequential damages as a result of financial hardship caused by the alleged breach of the Beaver Contract, and identify all witnesses and documents that support your contention.

**INTERROGATORY NO. 28:**

Describe in detail the factual and legal basis for your contention, contained in paragraph 21 of the amended complaint, that the Government knew or should have known prior to February, 1999, that some of the beaver trapping and culvert sites were contaminated and should have required the protections that were instituted by way of the work clearance permit of February 22, 1999, and identify all persons who prepared, assisted, reviewed, or commented upon the information contained in this response, identify all documents that substantiate the information contained in this response, and produce all records that relate in any way to this interrogatory.

**INTERROGATORY NO. 29:**

Describe in detail the factual and legal basis for your contention, contained in paragraph 21 of the amended complaint, that Government required additional training and equipment because of contamination, and identify all persons who prepared, assisted, reviewed, or commented upon the information contained in this response, identify all documents that substantiate the information contained in this response, and produce all records that relate in any way to this interrogatory.

**INTERROGATORY 30:**

Explain in detail the legal and factual basis for your contention, contained in paragraphs A, B and C, that you are entitled to $80,000, a sum to compensate you for the Government's alleged bad faith in refusing to renegotiate the Beaver Contract, and punitive damages, and identify all witnesses and documents that support your contention.

## REQUESTS FOR PRODUCTION

1. All documents required to be identified in response to defendant's first set of interrogatories.

2. All documents prepared by plaintiff that relate to, refer to, discuss, or describe plaintiff's claims in its amended complaint.

3. All correspondence and other documents exchanged between plaintiff and the United States relating to the claims alleged by plaintiff in its complaint and amended complaint.

4. All the files maintained by plaintiff at its office for these contracts, including correspondence, diaries or notes kept by persons on the job, quotes or bids, payrolls and/or invoices of subcontractors, scheduling information, lists of personnel on the job on any given day, week or month, bills and or statements for equipment rental or purchase, and miscellaneous materials purchased.

5. All files maintained by your subcontractors/suppliers/equipment suppliers at their own offices for these contracts, including correspondence, diaries or notes kept by persons on the job, quotes or bids, payrolls and/or invoices of subcontractors, scheduling information, lists of personnel on the job on any given day, week or month, bills and or statements for equipment rental or purchase, and miscellaneous materials purchased.

6. All documents that relate in any way to these contracts, including, but not limited to: correspondence, modifications, delivery orders, payment vouchers, subcontracts and modifications, subcontract files, subcontract correspondence, subcontract claims and claim files, invoices, bills, meeting minutes, notes, drafts, electronic mail messages, facsimile messages, memoranda, purchase orders, budgets, production schedules and plans, production reports,

inspections, reinspections, production items available for inspection or delivery, quality control reports and notes, budgets, and profit and loss computations and reports.

7. All proposal or bid documents pertaining to the award of the contracts, including, but not limited to: the proposals or bids, bid/proposal work sheets, contract bid/proposal analyses, memoranda, reports, meeting minutes, notes, drafts and correspondence.

8. All documents that relate in any way to communications between the Forest Service and plaintiff about these contracts, or plaintiff's bids or proposals for the contracts, including notes, drafts, correspondence, electronic mail messages, facsimile messages, show cause notices, responses to show cause notices, termination for default notices, responses to termination for default notices, inspection reports and notes, delivery schedules and/or progress reports, production reports, and communications with the defendant's representatives and/or contracting officers.

9. All internal memoranda, correspondence, or other documents prepared by or for the plaintiff, or its subcontractors, for use in scheduling, monitoring, reviewing or in any other manner relating to the contracts and/or subcontracts.

10. All documents that contain the financial data pertaining to the contracts, including, but not limited to:

(a) Job cost accounting records;

(b) "In-house" financial records and audits pertaining to job costs;

(c) Independent audit records;

(d) Budgets and cost estimate reports;

(e) Financial statements.

11. All logs, diaries, labor reports, production reports, production scheduling reports, or other documents reflecting the effort or work or planned work by the plaintiff or its subcontractors in the performance of the contract or subcontract, including reports, logs, notes tracking the activity and/or progress under the contracts and subcontracts.

12. All reports or studies produced by any expert or outside consultant for the benefit of the plaintiff, or its subcontractors, or otherwise utilized by it or any person pertaining to the contracts and subcontracts.

13. All test reports, analyses, evaluations, design, configuration reviews, specifications, drawings and/or memoranda relating in any way to the construction under the contracts and subcontracts.

14. All delivery records, test results, production schedules, inspections, quality control records, audits, or documents relating in any way to the contracts and subcontracts.

15. A copy of each contract plaintiff has been awarded with the United States Government.

16. All documents which you have previously relied or intend to rely upon to establish proof of any claims or damages as alleged in your complaint.

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

TODD M. HUGHES
Assistant Director

LINDSAY E. WILLIAMS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-7995
Fax: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:
MARK SIMPSON
United States Department of Agriculture

Dated: October 26, 2005

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 26th day of October, 2005, I caused to be placed in the United States mail (first-class mail, postage prepaid) copies of "DEFENDANT'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS" addressed as follows:

Berta E. Nichols
P.O. Box 7925
Hilton Head Island, SC 29938

Counsel for Plaintiff

_______________________