IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WILLIAM D. HOOKER,d/b/a<br>GEORGIA BOWHUNTERS SUPPLY,<br><br>Plaintiff<br>Vs<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br>No. 03-1501C, 04-1126<br>Judge Allegra |

**RESPONSE TO DEFENDANT'S MOTION TO COMPEL DISCOVERY AND FOR EXPEDITED CONSIDERATION OF THIS MOTION**

Now comes Plaintiff, through his undersigned attorney, and responds to Defendant's motion as follows:

STATEMENT OF FACTS

Plaintiff requested discovery of the Government on October 17, 2005. The Government requested discovery of the Plaintiff on October 31, 2005. Responses were received on December 5, 2005. The parties engaged in two days of depositions on December 6 and 7, 2005, including a site visit to several Savannah River Site beaver trapping sites. On December 12, 2005 the Plaintiff provided supplemental responses to the Government's interrogatories and requested supplemental responses from the Government. [1] To date, responses to the supplemental interrogatories and request for production have not been received, although the Government in its Motion to Compel stated these would be provided within fourteen days. On January 3, 2006 , defendant's counsel in a letter to plaintiff's counsel, requested expansion of plaintiff's responses to

[1] A copy of the supplemental interrogatories and request for production is attached as Exhibit 1.

its' contention interrogatories. Plaintiff's counsel responded by letter of January 17, 2006.[2] The Government's Motion to Compel followed.

ARGUMENT

The Government's motion is disingenuous because it seeks to compel information that only the Government has, and which it has not provided to Plaintiff even though requested in discovery.

The Government has in its possession a list of sites on the Savannah River Site which are or were posted as radiologic Soil Contamination Areas (SCA's). Hooker has requested this list both in his First Interrogatories and Supplemental Interrogatories to Defendant. This information has not been provided. Further, the Government has requested specific responses as to which beaver trapping sites Hooker trapped beaver and the date he trapped each beaver. Hooker did not keep records of the sites he trapped beaver; however, Frankie Brooks, the former contracting officer representative, testified at deposition that she prepared receipts containing this information and from these receipts authorized payment to Hooker. Hooker has requested copies of these receipts so that he can respond to the Government's requests. Again, this information has not been provided.

At deposition, the Government was provided with a videotape taken by Mark Lubert in June, 1999 and again in September, 1999 which showed Hooker and his employee working in a site clearly marked with the radiologic SCA signs. Yet, the Government in its responses to Hooker's interrogatories objected to the term soil contamination area as "vague". The Government has not supplemented this response.

[2] A copy of the letter of January 17, 2006 is attached as Exhibit 2.

Hooker's initial Request for Production and Entry Upon Land asked to inspect beaver trapping sites at the SRS. This request was granted and a visit arranged after depositions on December 7, 2005. Several beaver trapping sites where Hooker had trapped beaver were selected for inspection. Hooker was prohibited from photographing on the SRS property but the Government provided a photographer who would take photographs at plaintiff's direction, and would provide these photographs to plaintiff upon payment to Westinghouse. One of these beaver trapping sites was posted as an SCA (soil contamination area) and photographs were taken. These photographs have not been provided to Plaintiff.

Hooker has also requested from the Government a copy of the letter notifying him that the solicitation for the new hog contract was withdrawn. Hooker does not recall receiving such notification and Homer Gabard, the contracting officer, at deposition was unsure whether Hooker was notified. If this letter exists, it must be provided to Hooker.

CONCLUSION

Plaintiff has attempted in good faith to respond to the Government's discovery requests. When the Government provides the information requested in both Hooker's First Interrogatories and Supplemental Interrogatories, Hooker will then be able to respond fully with the information the Government has requested.

Respectfully submitted,

s/Berta E. (Robbie) Nichols
Law Office of Robbie M. Nichols
206 Carolina Bldg., P.O. Box 7925
Hilton Head Isl., South Carolina 29938

(843) 686-5884
Attorney for Plaintiff

February 6, 2006