IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WILLIAM D. HOOKER,d/b/a<br>GEORGIA BOWHUNTERS SUPPLY,<br><br>Plaintiff<br>Vs<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br>No. 03-1501C, 04-1126<br>Judge Allegra |

TO: LINDSAY WILLIAMS, ESQ., ATTORNEY FOR DEFENDANT

PLAINTIFF'S SUPPLEMENTAL INTERROGATORIES TO DEFENDANT

Pursuant to RCFC 33, plaintiff, through his undersigned counsel, requests that the defendant answer the following Interrogatories in writing and under oath, and serve the responses upon plaintiff within 30 days at the office of Robbie M. Nichols, Attorney at Law, Post Office Box 7925, Hilton Head Island, South Carolina 29938.

CLAIMS OF PRIVILEGE

If any responses to these interrogatories are withheld based upon privilege, work product, or any reason, you shall identify the precise reasons for withholding such information.

INSTRUCTIONS

Each interrogatory is to be answered, separately and fully, within thirty (30) days after service, unless it is objected to, in which event the reasons for the objection should be stated in a manner which would enable the Court to decide on the merit of the objection. When a complete answer in response to a particular interrogatory is not possible, an answer should be made to the extent possible and a statement should be made indicating why only a partial answer is given and what must occur before a complete answer may be given. These interrogatories shall be deemed continuing, so as to require additional

answers if further information is obtained between the time the initial answer is made and the time of trial. Such additional answers shall be made not later than ten (10) days after such additional information is received, or before trial, whichever is earlier.

INTERROGATORIES

21. Please identify the Westinghouse Health Protection individual (HP) responsible for monitoring the activities of USFS contractors.

22. Please identify all soil contamination sites currently posted on the Savannah River Site.

23. Please identify all beaver trapping sites posted as soil contamination areas during years 1999 through 2001.

Respectfully submitted,

_______________________________

Berta E. (Robbie) Nichols
Attorney for Plaintiff
Post Office Box 7925
Hilton Head Isl., South Carolina 29938
(843) 686-5884 Facsimile (843) 842-3933

December ______, 2005

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE COPY OF THE FOREGOING DOCUMENT WAS SENT BY U.S. MAIL TO COUNSEL FOR THE DEFENDANT ON DECEMBER ______, 2005.

_______________________________

Berta E. (Robbie) Nichols

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WILLIAM D. HOOKER,d/b/a<br>GEORGIA BOWHUNTERS SUPPLY,<br><br>Plaintiff<br>Vs<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 03-1501C, 04-1126<br>Judge Allegra |

PLAINTIFF'S SUPPLEMENTAL REQUEST FOR PRODUCTION OF DOCUMENTS AND ENTRY UPON LAND FOR INSPECTION

TO: LINDSAY WILLIAMS, ESQ., ATTORNEY FOR DEFENDANT

Pursuant to RCFC 33, the plaintiff, through his undersigned counsel, hereby requires the defendant to produce the documents and things listed below within thirty (30) days of the receipt of this Request for Production at the office of Robbie M. Nichols, Attorney at Law, Post Office Box 7925, Hilton Head Isl., South Carolina 29938.

DEFINITIONS

A. The term "individual" means any natural person, partnership, corporation or other business entity and all present and former officers, directors, agents, employees, partners, ventures, owners, attorneys and others acting or purporting to act on behalf of such natural person, partnership, corporation or other business entity.

B. The term "document" means the original and all copies of any written, printed, typed, electronic, or other graphic matter of any kind or nature and any other tangible thing in your custody or control, including but not limited to:

1) all contracts, agreements, letter agreements, representations, warranties, certificates and opinions;

2) all letters or other forms of correspondence or communication, including envelopes and notes, telegrams, cables, telex messages and electronic messages, including reports, notes, notations and memoranda of or relating to telephone or electronic conversations or conferences;

3) all memoranda, reports, test results, financial statements, notes, scripts, transcripts, tabulations, studies, analyses, evaluations, projections, work papers, corporate records or copies thereof, expressions or statements of policy, lists, comparisons, questionnaires, surveys, charts, graphs, summaries, extracts, statistical statements or records, compilations and opinions of reports of consultants;

4) all employee benefit plans, summary plan descriptions, pamphlets, memoranda or other written material describing, containing, or referring to employee retirement or welfare benefits;

5) all desk calendars, appointment books, pocket calendars and diaries or other notes or personal memoranda;

6) all minutes, records or transcripts of meetings and conferences, and lists of persons attending meetings or conferences;

7) all reports and summaries of interviews or negotiations;

8) all books, articles, press releases, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, instructions and manuals;

9) all motion pictures and photographs, digital recordings, tape recordings, microfilm, phonographs, tapes or other records, punch cards, magnetic tapes, discs, data cells,

drums, print-outs, and any other data compilations from which information can be obtained;

10) drafts of any document, revisions of drafts of any documents and original or preliminary notes prepared in connection with such documents, whether used or not;

11) any non-identical copy of any document;

12) all information stored in any computer or in any magnetic, digital or other medium;

C. The term "communication" means all statements, admissions, denials, inquiries, discussions, conversations, negotiations, agreements, contracts, understandings, meetings, telephone or electronic mail conversations, letters, correspondence, notes, telegrams, telexes, advertisements, or any other form of oral or written exchanges of words, thoughts or ideas.

## CLAIMS OF PRIVILEGE

If any responses to these requests for production are withheld based on privilege, work product, or any reason, you shall identify the precise reasons for withholding such information.

These requests for production shall be deemed continuing, so as to require additional answers if further information is obtained between the time the initial answer is made and the time of trial. Such additional answers shall be made not later than ten (10) days after such additional information is received, or before.

## REQUESTS TO PRODUCE

12. Produce all receipts for beavers trapped during the years 1998 and 1999.

13. Produce the written notification to William Hooker and all other bidders withdrawing the solicitation for bids on RFP R8-36-99-09 .

14. Produce a copy of the document identifying soil contamination sites as stated in the Site Visit EAZ 33-04-2041-RFQ.

Respectfully submitted,

____________________________

Berta E. (Robbie) Nichols
Law Office of Robbie M. Nichols
206 Carolina Bldg., P.O. Box 7925
Hilton Head Isl., South Carolina 29938
(843) 686-5884
Attorney for Plaintiff

December ___, 2005

CERTIFICATE OF SERVICE

I hereby certify that on ________________, 2005, I caused to be served on counsel of record a true and correct copy of this document by mail.

______________________
Berta E. (Robbie) Nichols