ROBBIE M. NICHOLS
Attorney at Law
206 Carolina Building
Post Office Box 7925
Hilton Head Island, SC 29938
Tel. (843) 686-5884
Fax: (843) 842-3933
E-mail: robbie@hargray.com

January 17, 2006

Lindsay E. Williams, Esq.
Trial Attorney
Commercial Litigation Branch
U. S. Department of Justice
1100 L Street NW
Washington, DC 20530

In re: Hooker v. United States

Dear Ms. Williams:

In reviewing Defendant's Motion for an Enlargement of Time Within Which to Conduct Discovery, it appears you have mischaracterized my response to your e-mail of January 12. At no time have I refused to provide further responses to the Government's discovery requests. I merely stated that some responses could not be provided until the Government provides responses to the plaintiff's requests. It appears from your motion that you did not actually receive these requests which were dated and faxed December 12, 2005 until December 22, thus making the date they are due January 21, the day after you file the motion to compel.

In an effort to fully comply with your requests, however, I will attempt to expand on the responses to the Interrogatories.

Interrogatory #7 requests the factual and legal basis for the contention that hogs were dispatched while on SRS property, were running wild and were within the definition of wild or feral hogs under the contract. Mr. Gabard, at deposition, suffered from a poor memory and was unable to define the policy. Based on Homer Gabard's testimony at deposition, the letters of Michael and Goldman Eller, and the plaintiff's recollection, both Ellers denied the charges. It appears from the investigative report that Wackenhut relied on the comments of Jack Mayer and failed to do much more than accuse the Ellers, recommend their dismissal and close the investigation. Hooker does not have the funds to depose all of these individuals, but they may be questioned at trial and it will be for the court to assess whether this was a breach of the hog contract. I further remind you that in the government's response to plaintiff's Interrogatories #11 and #12, which asked for the policy governing wild hog control on SRS as well as the policy applied to domestic pigs,

objections were made on the grounds that the word "policy" was vague. I would respectfully ask the government to supplement those responses.

Interrogatory #8 response is supplemented as follows. The current contract specifications for hog contracts at SRS do define the term wild hog. "The term wild hog refers to any wild-living form of Sus scrofa, including Eurasian wild board(sic), feral hogs, or hybrids between these two forms." You will note that this definition is provided in plaintiff's response to Interrogatory #11.

Interrogatory #9 . Mr. Hooker does not remember on what dates he hired new employees. He does not remember that rates he was paying. Mr. Hooker was unable to perform under the hog contract without dogs, which he was forced to purchase from Michael Eller. When he purchased these dogs, the Forest Service required them to be re-vaccinated . Mr. Hooker remembers the cost of the vaccinations to be approximately $150.00.

Interrogatories #12 and #13 request information relating to the "lost" contraband pass. I am still investigating this issue and will supplement these responses as information becomes available.

Interrogatory #14 asks specifically what areas of the SRS property plaintiff hunted hogs and trapped beaver. Plaintiff hunted the entire SRS property for hogs; to our knowledge no records were kept of the specific locations. If the government has these records, we would ask that they be provided. Plaintiff has requested from the defendant copies of all receipts for beavers trapped on the SRS site in 1998 and 1999. When these are provided, they will show the specific trapping locations.

Interrogatory #15 . The site included in the video tape taken June 1, 1999 was HP 52. The video dated September 19, 1999 was taken at the same location. Homer Gabard testified in deposition that Plaintiff did request an adjustment in contract price and Gabard responded that USFS would not pay him additional money. (Deposition of Homer Gabard, p. 44,45)

Interrogatory #19. Expanding upon the allegations in plaintiff's complaint, it is clear that if the issue of bad faith is allowed to go to trial, plaintiff will be required to prove by clear and convincing evidence that the government intended to injure him. The government has admitted that a formerly barred forever employee, Michael Eller, was awarded the hog contract. None of the government's witnesses has been willing to define a policy regarding wild versus domestic hogs. There is a question whether the government ever responded to Hooker's proposal and plaintiff will be able to answer this question when the government provides a copy of the notification. Taken as a totality, these actions, plaintiff believes, are enough to demonstrate bad faith on the part of the government.

Interrogatory #20 requests that plaintiff identify the sums referred to in the prayer of the complaint. Plaintiff has requested in his Interrogatory #20 to the government to state a

price differential for hourly work in contaminated areas on the SRS property. The government has responded with an objection that the term "contaminated area" is vague. During the depositions taken on December 7 and 8, the parties arrived at a definition of contaminated area (see plaintiff's exhibit #3). We would respectfully request that the government now provide us with an answer to our interrogatory. When we have the information regarding this price differential, we can respond more fully to Interrogatory #20.

I trust that the above expansion of our responses to your interrogatories will be helpful. I further remind the government that in response to our Interrogatory #18, the government states that they are currently investigating…and will produce any information we obtain as we obtain it. I would request that this information be produced. In addition, we have not received the photographs taken at the site visit to SRS on December 8. I would appreciate receiving them as soon as possible.

Very truly yours,

Robbie M. Nichols

RMN:hos