IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WILLIAM D. HOOKER,d/b/a<br>GEORGIA BOWHUNTERS SUPPLY,<br><br>Plaintiff<br>Vs<br><br>THE UNITED STATES,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) | No. 03-1501C, 04-1126<br>Judge Allegra |

MOTION TO STRIKE DECLARATIONS OF BRIAN HENNESSEY AND KENNETH W. CRASE

Comes now Plaintiff William D. Hooker d/b/a Georgia Bowhunters Supply, through his undersigned counsel and pursuant to Rule 56, RCFC, files this Motion to Strike Declarations of Brian Hennessey and Kenneth W. Crase, Ph.D., attached as exhibits to Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Defendant's Cross Motion for Summary Judgment.

On October 5, 2005, plaintiff propounded interrogatories to defendant. Interrogatory No. 4 asked: For each person known to the parties or counsel to be a witness concerning the facts of the case, set forth either a summary sufficient to inform the other party of the important facts known to or observed by such witness, or provide a copy of any written or recorded statements taken from such witness.identified the following witnesses in this litigation. Defendant's response( Attached as Exh. 1) to Interrogatory No. 4 named the following witnesses: Margaret Yeaton, Frankie Brooks, Homer Gabard, William Jarvis, Tona(Segar) Berret; Dave Wilson; Elizabeth LeMaster; Jim Segar; Don Imm; Dr. John ("Jack") Mayer; Lawrence F. Mazzuckelli; H. B. Eagerton. (Attachment #1) Defendant did not further supplement this list of witnesses.

Defendant did not name either Brian Hennessey or Kenneth W. Crase, Ph.D. as potential witnesses, so plaintiff did not have the opportunity to notice their depositions. Further , in Defendant's February 15, 2006 response to Plaintiff's Supplemental Interrogatories of December 12,, 2005, Defendant , in response Interrogatory No. 21 asking defendant to identify the Westinghouse Health Protection individual responsible for monitoring the activities of USFS contractors; responded that "there is no Westinghouse Health Protection individual that is specifically responsible for monitoring the activities of USFS contractors" but did identify Kenneth W. Crase, Ph.D. as an employee of Westinghouse who works in the Radiological Protection Department and deals with the Health Protection workers. Plaintiff requested that defendant make Dr. Crase available for deposition (Attachment #2). Lucy Knowles, counsel for the Department of Energy in Aiken, South Carolina stated to plaintiff's counsel that Dr. Crase was unavailable for deposition and instead provided David Sanders. Sanders was deposed, and the discovery deadline passed.

It would be fundamentally unfair at this point in the litigation to allow declaration testimony by witnesses who were not identified as such during discovery. Plaintiff respectfully requests that these declarations be stricken from consideration by the Court in its deliberations on the cross motions for summary judgment.

Respectfully submitted,

/s/ Berta E. (Robbie) Nichols

206 Carolina Bldg., P. O. Box 7925
Hilton Head Isl., SC 29938

October 10, 2006

Attorney for Plaintiff