IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WILLIAM D. HOOKER, d/b/a<br>GEORGIA BOWHUNTERS SUPPLY, | ) | |
| Plaintiff, | ) | |
| v. | ) | Nos. 03-1501C, 04-1126<br>(Judge Allegra) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL INTERROGATORIES TO DEFENDANT**

Pursuant to Rules 26 and 33 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, submits the following objections and responses to plaintiff's supplemental interrogatories. Defendant has made a good faith effort to respond fully to those interrogatories to which it has not objected. Discovery is continuing, however, and defendant reserves the right to supplement its responses, including any objections that may be applicable, based upon any additional information and documents that may be discovered subsequent to providing these responses.

Defendant objects and responds to plaintiff's interrogatories as follows:

I. GENERAL OBJECTIONS AND RESPONSES

Defendant asserts and incorporates by reference the following objections to plaintiff's interrogatories as though they were set forth in full in each response to each interrogatory:

1. Defendant objects to each interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, the deliberative process privilege, the law enforcement privilege, or any other privilege or immunity, including the Privacy Act of 1974, 5 U.S.C. § 552a.

2. Defendant objects to each interrogatory to the extent that it seeks information prepared or developed in anticipation of litigation or for trial when plaintiff has not shown that it has substantial need of such materials in the preparation of its case in that plaintiff is unable, without undue hardship, to obtain the substantial equivalent of such information by other means.

3. Defendant objects to each interrogatory to the extent that it seeks information irrelevant to the issues being litigated in this case and is not reasonably calculated to lead to the discovery of admissible evidence.

4. Defendant objects to those interrogatories that seek to require defendant to extract various types of information (such as names, positions or titles, dates, or the content of communications) from documents that have been produced upon the grounds that such information is as accessible to plaintiff as to defendant and the burden of extracting the information is the same for plaintiff as for defendant.

5. Defendant objects to the interrogatories to the extent that plaintiff seeks to require defendant to reach legal conclusions or conclusions as to the legal significance of certain documents or events that defendant is not otherwise required to make. In addition, defendant objects to the interrogatories to the extent that plaintiff seeks to require defendant to reach legal conclusions or conclusions concerning the legal significance of certain documents or events that must be determined by the Court in this action and upon the grounds that, to respond to them,

defendant would be required to conduct an extensive investigation and to research, compile, and evaluate data and records in its possession, which would constitute a harassment, oppression, undue burden, and undue expense to defendant.

6. Defendant objects to any inference that can be drawn from any portion of either the interrogatories or interrogatory responses that the documents as to which identification is requested or events referenced in the requests actually exist or occurred. The failure to object to each such inference in no way constitutes an admission by defendant that such information exists or that such events actually occurred.

7. Defendant objects to each definition, instruction, and request to the extent that it seeks to impose upon defendant any obligations or responsibilities other than those mandated by the Rules of the United States Court of Federal Claims.

8. Defendant objects to each and every interrogatory that is so vague, broad, general, and all inclusive that it does not permit a proper or reasonable response and is, therefore, unduly burdensome and oppressive.

9. Defendant notes that the information supplied in these responses is based upon the knowledge of the parties' agents, representatives, and attorneys, unless privileged.

10. Defendant notes that the word usage and sentence structure is that of the attorneys who in fact prepared these responses.

11. Defendant notes that it reserves the right to supplement or amend its responses in the event that additional information comes to light throughout the discovery process, and shall provide any such information as it becomes available.

## INTERROGATORIES

**INTERROGATORY NO 21:**

Please identify the Westinghouse Health Protection individual (HP) responsible for monitoring the activities of USFS contractors.

**RESPONSE:**

There is no Westinghouse Health Protection individual that is specifically responsible for monitoring the activities of USFS contractors. Kenneth Crase, Ph.D., is an employee of Westinghouse who works in the Radiological Protection Department and deals with the Health Protection workers.

**INTERROGATORY NO. 22:**

Please identify all soil contamination sites currently posted on the Savannah River Site.

**RESPONSE:**

Defendant objects to this interrogatory upon the ground that it is irrelevant; Mr. Hooker is no longer hunting or trapping on the site and the last time he hunted or trapped on the site was at least seven years ago. Notwithstanding this objection, defendant has produced , along with this response, any non-privileged, responsive documents in its possession, custody, or control.

**INTERROGATORY NO. 23:**

Please identify all beaver trapping sites posted as soil contamination areas during years 1999 through 2001.

**RESPONSE:**

Defendant has produced , along with this response, any non-privileged, responsive documents in its possession, custody, or control.

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

Todd Hughes

TODD M. HUGHES
Assistant Director

LINDSAY E. WILLIAMS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-7995
Fax: (202) 514-8624

OF COUNSEL:
MARK SIMPSON
United States Department of Agriculture

Dated: February 15, 2006

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 15 day of February, 2006, I caused to be placed in Federal Express copies of "DEFENDANT'S RESPONSES TO PLAINTIFF'S SUPPLEMENTAL INTERROGATORIES TO DEFENDANT" addressed as follows:

Berta E. Nichols
P.O. Box 7925
Hilton Head Island, SC 29938

Counsel for Plaintiff

Sue Smith