# In The United States Court of Federal Claims

Nos. 03-1501C, 04-1126C

(Filed: October 13, 2006)

---

WILLIAM D. HOOKER, d/b/a,
GEORGIA BOWHUNTERS SUPPLY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

**ORDER**

---

On August 26, 2005, this court issued an order granting defendant's motion to dismiss "plaintiff's claim for additional costs incurred in performing the contract (*see* Complaint in No. 04-1126C, at ¶¶ 19-23)" for lack of subject matter jurisdiction, noting that "plaintiff concedes that the court lacked subject matter jurisdiction over its claim because that claim has never been properly submitted to the contracting officer." In mid-September, plaintiff informed the court that it believed the order's reference to Complaint No. 04-1126C was in error. On September 20, 2006, defendant submitted a status report, indicating no objection to this court's reinstating paragraphs 19 through 23 of the complaint in case 04-1126C, which it agreed probably had been erroneously dismissed by the court, provided that defendant be afforded an opportunity to contest the reinstated claims.

Upon further review, the court, indeed, finds that its August 26, 2005, order mistakenly references portions of the complaint in No. 04-1126C, rather than that in No. 03-1501. Therefore, the court grants the requested modification and hereby reinstates paragraphs (¶¶ 19-23) of the complaint No. 04-1126C. It further amends its August 26, 2005, order to grant defendant's motion to dismiss, for lack of jurisdiction, plaintiff's claim in the Amended Complaint No. 03-1501C at the second ¶ 21 for additional costs incurred in performing the contract. In its response to defendant's partial motion to dismiss, plaintiff conceded that the court lacked subject matter jurisdiction over this claim because it has never been properly submitted to the contracting officer. As such, this claim must be dismissed, albeit without prejudice.

On October 10, 2005, defendant filed a partial motion to dismiss ¶¶ 19-23 of the No. 04-1126C complaint on the theory that this court lacks jurisdiction to entertain the claims because they sound in tort. In its August 26, 2005, order the court denied defendant's motion to dismiss, for failure to state a claim, plaintiff's requests for reformation of the contract and for breach of the implied covenant of good faith and fair dealing. The court found that the "allegations regarding these claims in plaintiff's complaint adequately state a claim upon which relief could be granted." The court hereby reaffirms its denial of this part of the motion to dismiss on the basis that the allegations regarding these claims in plaintiff's complaint adequately state a claim upon which relief could be granted and fall within this court's jurisdiction.

On or before October 31, 2006, Defendant may raise any new issues beyond those previously raised regarding the reinstated paragraphs in its reply to plaintiff's cross-motion for summary judgement. Plaintiff may then file a surreply, on any such issues on or before November 27, 2006.

**IT IS SO ORDERED.**

s/Francis M. Allegra
Francis M. Allegra
Judge