IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WILLIAM D. HOOKER,d/b/a<br>GEORGIA BOWHUNTERS SUPPLY,<br><br>Plaintiff<br>Vs<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br>No. 03-1501C, 04-1126<br>Judge Allegra |

REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE

The Government asserts that it should be allowed to present declaration testimony of two witnesses, Brian Hennessey and Kenneth W. Crase, Ph.D., because Hooker did not move to re-open discovery pursuant to RCFC 56(f) in order to depose these witnesses. Because Hooker has failed to seek relief pursuant to Rule 56(f), the Government argues that Hooker's motion to strike should be denied.

Under Rule 56(f) of the Rules of the Court of Federal Claims (RCFC), a court may refuse or continue a motion for summary judgment to permit additional discovery if the nonmovant explains by affidavit why it cannot fulfill the requirements of RCFC 56(e), under which it must "set forth specific facts showing that there is a genuine issue for trial." *Jade Trading, LLC v. United States*, 60 Fed. Cl. 558 (2004). A careful examination of Defendant's Cross Motion for Summary Judgment and Response fails to reveal any citation to the declaration of Kenneth Crase or the declaration of Brian Hennessey, either as part of the Government's cross-motion or response. The third declaration attached to the cross motion is that of Frankie Brooks, who was identified as a witness and deposed by Plaintiff. Brooks' declaration is liberally cited in Defendant's Cross Motion and Response. The declarations of Hennessey and Crase, however, are not

referenced in the Cross Motion and Response. Portions of their declarations only appear in Defendant's Proposed Finding of Uncontroverted Fact. As the declarations are apparently not used to support argument in Defendant's brief, either in the Government's Cross-Motion or in its Response, it is unclear why they are offered. Therefore, Plaintiff could not meet the test for reopening discovery even if he wished to do so. This Court, in *Theisen Vending Co. v. United States*, 58 Fed. Cl. 194(2003) articulated a five part test for relief under RCFC 56(f); *i.e.* the non-movant must by affidavit and supporting papers: (1) specify the particular factual discovery being sought, (2) explain how the results of the discovery are reasonably expected to engender a genuine issue of material fact, (3) provide an adequate factual predicate for the belief that there are discoverable facts sufficient to raise a genuine and material issue, (4) recite the efforts previously made to obtain those facts, and (5) show good grounds for the failure to have discovered the essential facts sooner. *Id.*

Since these declarations are not used to support argument, plaintiff is unsure whether they are offered by the movant or as part of the response. Both declarations offer opinion testimony, not facts relevant to this case. Plaintiff is under no obligation to move to re-open discovery for two declarations that appear to have no relevance to the case at bar.

The Government could have identified the two individuals as potential witnesses in supplemental discovery responses. It failed to do so. It cannot now come forward to blame Mr. Hooker for not attempting to reopen discovery, which in any case is in the Court's discretion.

The Government's assertion that since Mr. Hooker's interrogatories are vague and overly broad, that it did not have an obligation to identify Mr. Hennessey, is specious. What part of "each person known…to be a witness concerning the facts of the case" is vague? Hennessey concludes his declaration with the opinion that "a beaver or hog trapper at SRS would not be exposed to a toxicological hazard in the course of his work at SRS."(Hennessey Decl. ¶21), and helpfully provides an appendix entitled "Summary of Nonradiological Environmental Surveillance Sampling, 1992-2000". Plaintiff's complaint clearly alleges the existence of toxicological hazards and any plain reading would lead the Government to understand that any potential witness who offers testimony as to the presence or absence of toxicological hazards would be a witness concerning the facts of the case. The Government was able to identify twelve witnesses who could testify as to the facts of the case. Plaintiff should not be required to "go behind" this response to ferret out other individuals. The purpose of the rules of discovery is to even the playing field, not to allow surprise witnesses who show themselves after discovery has closed. Moreover, the Government's own Response to Plaintiff's Motion to Strike concedes that Hennessey does not discuss Hooker's contract or performance. Instead, he provides "background information about the Savannah River Site". (Defs. Resp. to Pl. Motion to Strike) The Government further concedes that ""it is far from clear that Mr. Hennessey's declaration even relates to the "facts of the case"". If this declaration does not relate to the facts of the case, for that reason alone, it should be stricken.

The Government's assertion that Dr. Crase is not a Federal employee and, therefore the Government was under no obligation to produce him is similarly strained. The Government is under an obligation to identify witnesses, not necessarily produce

them. Dr. Crase was not identified as a potential witness; he was identified as an employee of Westinghouse. Plaintiff grants that the Government produced David Sanders for deposition as a courtesy; however, the Government did not extend the same courtesy as to Dr. Crase. Further, Dr. Crase's declaration appears to be expert testimony, rather than testimony pursuant to personal knowledge. Dr. Crase was not involved in any way in the contracts which are the subject of this case. An examination of Dr. Crase's declaration reveals that he is giving opinion testimony pursuant to his position as a Technical Advisor to Radiological Protection Services at the Savannah River Site. Dr. Crase has not been identified as an expert in this case. The time for identification of experts has been suspended until such time as summary judgment motions have been briefed and argued. (Scheduling Order of June 26, 2006) Therefore, it is inappropriate to include such expert testimony as an exhibit to a summary judgment motion.

Any testimony from Dr. Crase as an expert is untimely, and should be excluded pursuant to the Rules of this Court. Testimony from Brian Hennessey, either as an expert or as opinion testimony should similarly be excluded for the reasons stated above.

The Government requests that the Court deny Hooker's motion to strike and *sua sponte* order a continuance pursuant to RCFC 56(f) This case has been going on for too long and it is time for resolution. Mr. Hooker filed his initial complaint in June, 2003. To date, the Government has brought two motions to dismiss, and there have been three changes of counsel by the Government, each of whom required additional time to learn the case. Plaintiff has timely met every single deadline posed by the Court. Defendant has requested, and been granted, multiple extensions of time to file motions, responses

and replies. Reopening discovery will only further delay the process, and will add nothing relevant to the resolution of this case.

Respectfully submitted,

/s/ Berta E. (Robbie) Nichols

206 Carolina Bldg., P. O. Box 7925
Hilton Head Isl., SC 29938

November 9, 2006

Attorney for Plaintiff